**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **Johnson Poku Okyere** | § | |
| **Plaintiff** | § | **Case No.: 1:12-cv-01453-JPO** |
| **v.** | § | |
| **Palisades Collection, LLC,** | § | |
| **Houslanger & Associates, PLLC,** | § | |
| **Todd Houslanger, and** | | |
| **Ronald Moses** | | |
| | § | |
| **Defendants** | § | |

RECEIVED
JUN 07 2012
U.S.D.C. S.D. N.Y.
CASHIERS

**PLAINTIFF'S 1st AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, JOHNSON OKYERE brings suit against Defendants Palisades, Houslanger & Associates, and Todd Houslanger for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (the "FDCPA"), and against all Defendants for conversion, and in support would show as follows.

## A. JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims state law claims Plaintiff because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District is proper because all or a substantial part of the events or omissions giving rise to the claims occurred in Bronx County, New York.

3. Plaintiff is an individual who resides in Bronx County, New York.

4. Defendant PALISADES COLLECTION, LLC is a limited liability company organized and existing under the laws of the State of Delaware. Said Defendant engages in business in New York, and this suit arose out of said Defendant's business in New York. Palisades Collection, LLC, may be served by and through its New York registered agent C T Corporation System, 111 Eighth Avenue, New York, New York, 10011.

5. Defendant HOUSLANGER & ASSOCIATES, PLLC ("the PLLC") is a professional service limited liability company organized under the laws of the State of New York, with its principal place of business at 372 New York Ave., Huntington, NY 11743. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

6. Defendant TODD HOUSLANGER is an individual who, on information and belief, is a resident of the State of New York. Houslanger, an attorney, is the owner and operator of the PLLC. He may be served at his place of business Houslanger & Associates, PLLC, 372 New York Ave., Huntington, NY 11743, or wherever he may be found.

7. Defendant RONALD MOSES is an individual who, on information and belief, is a resident of the State of New York. Moses is a New York City Marshal. He may be served at his place of business, The Office of New York City Marshal Ronald Moses, Badge # 10, at 111 John Street, New York, NY 10038.

## B. STATEMENT OF FACTS

8. Defendant Houslanger & Associates, PLLC ("the PLLC") is a debt collection law firm. Houslanger is a debt collector because it sends thousands of collection letters and files thousands

of collection lawsuits as attorneys for plaintiffs seeking to collect alleged consumer debts.

9. Defendant Todd Houslanger ("Houslanger"), an attorney, is the owner and operator of the PLLC, and signed the pleadings on behalf of the PLLC. The PLLC and Houslanger will be referred to collectively as the "Houslanger Defendants."

10. Defendant Palisades Collection, LLC ("Palisades") purchases charged off consumer accounts and attempts to collect on them by sending thousands of collection letters and filing thousands of collection lawsuits. Palisades is a "debt collector."

11. On or about April 5, 2004, Palisades, through its attorney Mel S. Harris & Associates ("Harris") filed a state court collection lawsuit in Bronx County Civil Court, Palisades Collection, LLC, AAO Discover Card v. Johnson Poku Okyere, No. CV-044525-04/BX (N.Y. Civ. Ct. April 5, 2005) ("the collection lawsuit"). *See* Exhibit A.

12. On August 16, 2004 he clerk in the collection lawsuit issued judgment against Mr. Okyere for $3,954.03 based on a false affidavit of service submitted by Palisades, through Harris.[1] *See* Exhibit A.

13. On April 7, 2009, Palisades recalled collection account from Harris, according to the documents produced by Harris.[2] *See* Exhibit B (Harris collection notes excerpts [entitled "debtor history report"] and emails with Palisades).

14. On or about March 11, 2011, Defendant Ronald Moses, a New York City Marshal

1 The affidavit of service in the collections lawsuit falsely stated that service was effectuated on March 24, 2004 by leaving a copy of the complaint with "DORIS AKUFFO – WIFE," who also confirmed that Mr. Okyere was not in the military. Plaintiff has no wife named Doris Akuffo and has never known anyone with that name.

2 Harris was originally a Defendant in this action but was dismissed. [DE 15]. Thereafter, Plaintiff issued a third party subpoena to Harris for certain documents. This complaint will refer to information obtained from Harris as a result of this subpoena as being, "According to Harris." The facts asserted by the document production of Mel Harris are assumed to be true for the purpose of this complaint. Plaintiff reserves the right to amend as discovery progresses.

Ronald Moses ("Marshal Moses"), executed on the judgment and restrained Mr. Okyere's bank account.

15.     All of the actions taken by Marshal Moses as alleged in this complaint were taken either by Marshal Moses personally or by his employees operating within the course and scope of their employment.

16.     When his account was frozen, Mr. Okyere initially thought that he was being garnished on a judgment in a different index number which was satisfied through a prior income execution, a belief he stated in his order to show cause.

17.     On April 25, 2011, Mr. Okyere filed a *pro se* order to show cause to vacate the default judgment and to return the wrongfully garnished funds. *See* Exhibit C.

18.     Mr. Okyere stated by motion that he had not been served and his first notice of the legal action was by a restraining notice on his bank account.  The order to show cause also requested that any enforcement of the judgment be stayed pending resolution of the motion.

19.     Civil Judge R. Franco signed the order to show cause the same day the application was made, April 25, 2011. *See* Exhibit C. The order set a hearing for May 5, 2011, and further stated that all proceedings for the enforcement of the judgment from Palisades, its agents and attorneys, and by the Marshal were ***stayed*** until the hearing.

20.     A copy of the order was mailed on or before April 28, 2011 to Harris and Marshal Moses as ordered by Judge Franco.

21.     Mel Harris received a copy of the order to show cause on April 29, 2011, according to its own document production. *See* Exhibit B (collection notes) and Exhibit D (order to show cause

with CMRRR envelope within which it came).

22. May 2, 2011 Harris sent an email to a Palisades, attached a copy of the signed order to show cause and noted the May 5, 2011 hearing date.[3] *See* Exhibit B (Harris collection notes and emails with Palisades).

23. In the May 2, 2011 email, Harris asked Palisades Harris should appear on Palisades' behalf at the hearing on the order to show cause. As an example of the control and right to control Palisades has over its debt collection attorneys, Harris asked Palisades for "specific instructions for our attorney."

24. On May 3, 2011, Palisades responded to Harris that it would arrange for an attorney to defend Mr. Okyere's order to show cause.

25. Attached as Exhibit E and incorporated by reference are the computer records of Marshal Moses related to Mr. Okyere, according to Harris' subpoena response.

26. On or before May 2, 2011, Marshal Moses received a copy of the Judge's order to show cause, according to the Marshal's own record. *See* Exhibit E (computer records of Marshal Moses).

27. *After* receiving the order to show cause, Marshal Moses contacted Mr. Okyere's bank to request a payout, according to the Marshal's own records.

28. On May 11, 2011, the bank issued a check to Marshal Moses for $2,513.30 compliance of the Marshal's demand. *See* Exhibit G (check, redacted).

29. On May 16, 2011, Marshal Moses cashed the check and immediately took his fee. *See*

3 The email address has a domain name of "AstaFunding.com. Asta Funding is the parent company of and sole shareholder in Palisades.

Exhibit G (check, redacted) and Exhibit E (Marshal notes showing withdrawal of fee).

30. The bank also took its own processing fee.

31. Marshal Moses' payment demand to the bank was in express disregard for the order to show cause that Marshal Moses had in its possession ordering a stay of all collection activities. Judge Franco's order could not be clearer: "PENDING the hearing of this Order to Show Cause and the entry of the of an Order thereon, let all proceedings on part of the Claimant(s)/Plaintiff(s) attorney(s) and agents(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed."

32. Palisades directed the Houslanger Defendants to file an opposition to the order to show cause, which the Houslanger Defendants filed on May 4, 2011.

33. The Houslanger Defendants had possession of Judge Franco's order restraining no later than May 4, 2011, the date it filed the opposition to the order to show cause.

34. However, no consent to change attorneys had been filed with the court at that time, or at any time before.

35. Palisades would not have a notice of substitution of counsel to be signed or filed, despite Harris' request for the same.

36. Even until the filing of the original complaint in this FDCPA lawsuit, the New York Civil Court's e-court's system still listed Harris as attorney of record for Palisades.

37. The refusal of Palisades and the Houslanger Defendants to file a notice of substitution of counsel created confusion as to what firm actually had authority to litigate and settle the collection lawsuit, and on which counsel motions or orders needed to be served upon.

38.     It was unknown and unknowable to Mr. Okyere who actually represented Palisades during the time period he was seeking to release the hold on his bank account, obtain the return of the money garnished, and vacate the default judgment.

39.     On May 5, 2011, the court adjourned the hearing on the order to show cause to May 12, 2011.

40.     In addition, according to documents produced by Mel Harris, on May 5, 2011 Palisades had direct knowledge of the order to show cause and they instructed Mel Harris to wait for consent from the court to change attorneys.

41.     On May 12, 2011 Civil Judge L. Gonzalez issued an order vacating the judgment against Mr. Okyere. The order stated, in relevant part:

> [a]ll restraints, levies, liens and executions issued by the plaintiff against the defendant's bank accounts are lifted. All monies, including fees, in the possession of the plaintiff, City Marshal or other agent, shall be returned to the defendant forth[with].
>
> *See* Exhibit C

42.     The matter was then adjourned to June 14, 2011, "for conf[erence] [and] Tui interpreter". Judge Ben R. Barbato adjourned the case for pre-trial conference to be scheduled on the "P[ar]t 11C" Trial Calendar of the Bronx County Civil Court.

43.     Palisades, through the Houslanger Defendants, were at the May 12, 2011 hearing and had possession that day of the Court's order to return the money. None of Defendants complied with the order to return the money "forth[with]."

44.     Harris' collection notes indicate that Harris previously collected $314.00 from Mr. Okyere as a result of the default. To this day, that money has not been returned to Plaintiff. This

further constitutes conversion.

45.     On May 13, 2011, Palisades and the Houslanger Defendants, through Marshal Moses, took $2,513.30 from Mr. Okyere's bank account, disregarding both the order to show cause and the vacated judgment, according to the Marshal's own records. Of the $2,513.30, Marshal Moses held $2,371.78 in trust for and for the benefit of Palisades and the Houslanger Defendants, according to the Marshal's records. *See* Exhibit E.

46.     Marshal Moses took $141.52 for his own fee.

47.     Even of Defendants' initial taking of Plaintiff's funds were lawful (which it was not), the retaining of the funds certainly constituted conversion given the court orders.

48.     On May 18, 2011, after issuance of both the order to show cause and the vacated judgment, Palisades, through the Houslanger Defendants, requested a 60 day extension with Marshal Moses to continue holding Mr. Okyere's funds in trust, for the benefit of Palisades and the Houslanger Defendants. *See* Exhibit E. This request to continue holding Mr. Okyere's funds was a violation of both the order to show cause and the vacated judgment. The request shows that all Defendants exercised dominion and control over Mr. Okyere's funds after Mr. Okyere demanded a return of the funds. The request further shows that Marshal Moses acted on behalf of and under the direct authority and control of Palisades and the Houslanger Defendants.

49.     On June 14, 2011 Judge Barbato ordered Palisades to serve discovery answers to Mr. Okyere within 45 days. Palisades and its counsel(s) willfully ignored the order of the court.

50.     After the June 14, 2011 hearing, Mr. Okyere, sent a letter to Palisades via Houslanger Defendants demanding the return of the money, and attached copy of the May 12, 2011 order. Palisades, through the Houslanger Defendants, refused to comply with this demand.

51. On June 28, 2011, Marshal Moses asked Palisades, through the Houslanger Defendants, what the current status of Mr. Okyere's order to show cause was. *See* Exhibit E. Palisades, through the Houslanger Defendants, declined to inform Marshal Moses that the judgment against Mr. Okyere was vacated and the court ordered the money to be returned "forth[with]", or, in the alternative affirmatively misrepresented to the Marshal the status of the court orders .

52. On July 18, 2011, Palisades, through the Houslanger Defendants, requested another 60 day extension for Marshal Moses to continue holding Mr. Okyere's funds in trust, for the benefit of Palisades and the Houslanger Defendants. Again, this request to continue holding Mr. Okyere's funds was a violation of both the order to show cause, the order vacating the judgment, and the order to return funds "forth[with]." The request shows that all Defendants exercised dominion and control over Mr. Okyere's funds after demand was made to return the money. The request for extension further shows that Marshal Moses acted on behalf of and under the direct authority and control of Palisades and the Houslanger Defendants.

53. On August 23, 2011, Palisades, through the Houslanger Defendants, instructed Marshal Moses to continue to retain Mr. Okyere's funds. Palisades command, through the Houslanger Defendants, demonstrates that Marshal Moses acted on behalf of and under the direct authority and control of Palisades and the Houslanger Defendants. *See* Exhibit E (records of Marshal Moses).

54. On August 31, 2011 an undated notice of "Consent to Change Attorney" was filed in the civil court. The notice states that Palisades consented to the Houslanger Defendants being substituted for Harris as attorneys of record for Palisades. In-house counsel for Palisades signed the consent, again demonstrating Palisades'direct control over the collection lawsuit. *See* Exhibit

F (notice of consent to substitute filed with court).

55.     CPLR 321(b)(1) requires that the notice of consent to change attorney be mailed to all parties. Neither Palisades, nor Harris nor the Houslanger Defendants sent the notice of change of attorney to Mr. Okyere.  There is no certificate of service on the notice of consent of change of attorney.

56.     The purpose for the CPLR 321(b)(1) requirement for notice to be sent to all parties is to afford protection to adverse parties by eliminating dispute and uncertainty as to which attorney is responsible for the case, which attorney notice should be sent to, and which attorney is to be held accountable for refusing to comply with the orders of the court. This protection is especially important when the adverse party is pro se and particularly susceptible to being confused and deceived.

57.     Palisades, through Harris and the Houslanger Defendants, failed to comply with their statutory obligations to serve Mr. Okyere with notice of substitution of counsel in order to make it more difficult for Mr. Okyere to obtain and enforce an order for the release of the hold and the return of the money; and to provide a shield of plausible deniability for failing to comply with the orders of the court for Palisades, its agents, and its attorneys to cease all collection attempts and to return the money. Certainly, that was the effect.

58.     On September 16, 2011, Palisades, through the Houslanger Defendants, requested *another* 60 day extension for Marshal Moses to continue holding Mr. Okyere's funds in trust, for the benefit of Palisades and the Houslanger Defendants. Again, this request to continue holding Mr. Okyere's funds was a violation of both the order to show cause, the vacated judgment, and the order to return funds "forth[with]."   The request shows that all Defendants exercised

dominion and control over Mr. Okyere's funds after Mr. Okyere asked for a return of the funds. The request for extension further shows that Marshal Moses acted on behalf of and under the direct authority and control of Palisades and Houslanger.

59.     On November 15, 2011, Palisades, through the Houslanger Defendants, requested *yet another* 60 day extension for Marshal Moses to continue holding Mr. Okyere's funds in trust, for the benefit of Palisades and the Houslanger Defendants. Again, this request to continue holding Mr. Okyere's funds was a violation of both the order to show cause, the vacated judgment, and the order to return funds "forth[with]."  The request shows that all Defendants exercised dominion and control over Mr. Okyere's funds after Mr. Okyere asked for a return of the funds. The request for extension further shows that Marshal Moses acted on behalf of and under the direct authority and control of Palisades and the Houslanger Defendants.

60.     On November 15, 2011, Palisades, through the Houslanger Defendants, again commanded Marshal Moses to withhold Mr. Okyere's funds. Palisades command, through the Houslanger Defendants, shows that Marshal Moses acted on behalf of and under the direct authority and control of Palisades and the Houslanger Defendants.

61.     On November 17, 2011, Marshal Moses – six months after it first illegally seized Plaintiffs' money -- finally complied with the orders to show cause and to vacate judgment, returning $2, 513.30 to Mr. Okyere. The money was sent to Mr. Okyere on November 18, 2011.

62.     Mr. Okyere does not make very much money.  He is an immigrant from Ghana with limited education. Like many New Yorkers in these difficult financial times, Mr. Okyere lives paycheck-to-paycheck. Defendants freezing of his bank account and seizing and retaining of his money imposed severe financial hardship on Mr. Okyere.

63. Incredibly, despite two court orders and the passage of time ***of more than 6 months*** Defendants continued to refuse to comply with a direct orders to cease collection activity and to return Mr. Okyere's money "forth[with]."

64. All Defendants had direct knowledge of the orders of the court.

65. Defendants' actions inflicted damages on Plaintiff. Plaintiff works in the kitchen of a nursing home. He does not make much money. He lives paycheck to paycheck. Defendants unlawfully exercised dominion and control over Plaintiff's bank account by taking approximately $2,500 of his money and holding it for six months disregarding personal appeals from Mr. Okyere as well as two direct court orders to return the money.

66. The timing of the garnishment of Plaintiff's bank account came at a particularly precarious moment in his life. Plaintiff is from Ghana. His uncle, a close family member in Ghana, became gravely ill and passed away. Plaintiff desperately needed immediate access to the funds that Defendants seized in order to return to Ghana. He needed to bury his uncle. He needed to be with his family, to grieve together and to support one another. And of course, Plaintiff also needed this money to live, to pay for groceries and for rent. Defendants' actions inflicted extreme emotional distress on Plaintiff that disrupted his activities of daily living. For long periods of time he experienced feelings of anger, helplessness, anxiety and frustration, which resulted in an inability to sleep, constant headaches, and increased blood pressure.

**COUNT # 1: Violations of the federal Fair Debt Collection Practices Act (As to all Defendants except Marshal Moses)**

67. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

68. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope").

69.     Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. N.Y. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.")

70.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he was alleged to owe a debt.

71.     The obligation alleged by Defendants to be owed by Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

72.     Palisades and the Houslanger Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6).

73.     The Houslanger Defendants are debt collectors because they send thousands of collection letters and file thousands of collection lawsuits as attorneys for plaintiffs seeking to collect alleged consumer debts.  Therefore the Houslanger Defendants regularly attempt to collect debts alleged to be due to another, and that is their primary purpose.

74.     Houslanger is also a debt collector because he regularly collects debts through the PLLC. Houslanger is the owner and operator of the PLLC. Houslanger signs the pleadings, discovery instruments, and collection letters for the PLLC. On information and belief, Houslanger made the decisions to take the actions that form the basis of this complaint. On information and belief, Houslanger exercised control over the operation and management of the collection activities of the PLLC.

75.     Palisades is a debt collector because it purchases defaulted consumer accounts and attempts to collect on them by sending thousands of collection letters and filing thousands of collection lawsuits. Therefore Palisades regularly attempts to collect post-default consumer debts, directly or indirectly, and that is its primary purpose.

76.     The actions of Palisades and the Houslanger Defendants enumerated in the above statement of facts constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

77.     Palisades and the Houslanger Defendants violated the following sections of the FDCPA: 15 U.S.C. §§ 1692d, 1692e, and 1692f.  By way of example and not limitation defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt:  engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means;

misrepresenting the character, amount or legal status of the debt; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person false credit information; using any false representations or deceptive means; using unfair or unconscionable means; taking or threatening to take any nonjudicial action to effect dispossession of property with no present right to do so; and collecting any amount that is not expressly permitted by law or contract.

78. A prevailing Plaintiff in an FDCPA action is entitled to actual damages, additional statutory damages of up to $1,000.00, and mandatory attorney's fees and costs, and these are so sought.

**COUNT # 2: Tort of conversion (As to all Defendants)**

79. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

80. The elements of conversion in New York State include: 1) having a possessory interest in property; and 2) having the possessory interest taken or interfered with by another in a manner that is contrary to the possessor's rights. *Colavito v. New York Organ Donor Network, Inc.*, 827 N.Y.S. 2d 96, 100 (Ct. App. 2006).

81. Property subject to conversion includes readily identifiable funds from a bank account. *Republic of Haiti v. Duvalier.*, 626 N.Y.S. 2d 472, 475 (N.Y. App. Div. 1995).

82. When a defendant has initial lawful possession of a plaintiff's property, a plaintiff can still demonstrate conversion if the plaintiff makes demand for the property and the defendant refuses to return the property. *Agawam Trading Corp. v Malbin Co.*, 325 N.Y.S. 2d 757, 757

(N.Y. App. Div. 1971).

83.     In an action against a judgment creditor who has unlawfully seized property through a marshal, the judgment creditor can be held liable for the marshal's actions provided that the marshal acted at the "express direction" of the judgment creditor. *Siersema v. Mayer.*, 77 N.Y.S. 901, 902 (Sup. Ct. App. T. 1901).

84.     Moreover, a municipal officer becomes an agent for a creditor when the officer collects on the creditor's behalf and the "process is irregular, unauthorized or void". *Mayes v. UVI Holdings Inc.*, 723 N.Y.S. 2d 151, 154 (N.Y. App. Div. 2001).

85.     Defendant Marshal Moses intentionally and without authority, assumed and exercised control over Mr. Okyere's bank account and money, interfering with Mr. Okyere's right to possession of the same, by: a) seizing Mr. Okyere's money; b) placing Mr. Okyere's money in trust for the benefit of Palisades and Houslanger; c) taking $141.52 of Mr. Okyere's money as compensation for the seizure; d) seizing the money from Mr. Okyere's bank account on May 2, 2011 despite having received an order to show cause; and e) withholding the money from Mr. Okyere for over six months despite having received the order to show cause and notice that the judgment against Mr. Okyere was vacated.

86.     Defendants Palisades and the Houslanger Defendants intentionally and without authority, assumed and exercised control over Mr. Okyere's bank account and money, interfering with Mr. Okyere's right to possession of the same, by: a) directing Marshal Moses to seize Mr. Okyere's money; b) directing Marshal Moses to place Mr. Okyere's money in trust for the benefit of Palisades and the Houslanger Defendants; c) directing Marshal Moses to seize the money from

Mr. Okyere's bank account despite having received an order to show cause to cease all collection activities; and d) directing Marshal Moses to withhold the money from Mr. Okyere for over six months despite having received notice that all collection activities were ordered to cease and all moneys were to be returned.

87. Mr. Okyere gave notice of ownership of the money and demanded return, and release of the same by: a) obtaining an order to show cause on April 25, 2011 that was received by all Defendants on or before May 4, 2011 b) obtaining an order vacating the judgment on May 12, 2011 Palisades, through the Houslanger Defendants, obtained that day; and c) sending a June letter to Defendants Palisades via the Houslanger Defendants, which attached the May 12, 2011 order, demanding they return the money illegally restrained and cited the judge's order to return the funds forthwith.

88. Defendants Palisades, the Houslanger Defendants, and Marshal Moses' restraint of Mr. Okyere's money for over six months, for their own benefit, despite having received an order to show cause, court orders to return the money "forth[with]" and personal pleas from Mr. Okyere was for an unreasonable period of time without qualification, which harmfully interfered with Mr. Okyere's rights to control his own property, and constitutes conversion.

89. For the reasons stated in the statement of facts, all Defendants' conduct is gross, wanton or deliberate and demonstrates a high degree of moral culpability. Further, all Defendants conduct as alleged in the statement of facts demonstrates malice, insult, and/or wilful or reckless disregard of Mr. Okyere's rights, or other aggravated acts by all Defendants. For example, there were multiple orders of the court that all collection activity be ceased and yet all Defendants willfully continued those collection activities. All Defendants refused to comply with the direct

orders of the court for the funds to be returned "forth[with]."

90. For these reasons, Plaintiff is entitled to punitive damages, in addition to actual damages. Actual damages include loss of use of money for the period all Defendants wrongfully exercised dominion and control over Plaintiff's bank account and money. Plaintiff suffered serious mental distress and disruption of his daily life. The prospect of not being able to attend his uncle's funeral to spend the mourning period with his family caused him to experience headaches, feelings of increased blood pressure, and inability to sleep.

91. All Defendants' refusal to return the money Mr. Okyere very much needed to pay for basic essentials, including the cost of traveling to Ghana to attend his uncle's funeral caused him great hardship and anguish.

92. During the time that he discovered that almost $3,000 of his hard-earned money in his bank account was frozen by all Defendants he suffered serious mental distress and disruption of his daily life. The prospect of not being able to attend his uncle's funeral to spend the mourning period with his family caused him to experience headaches, feelings of increased blood pressure, and inability to sleep.

## C. JURY DEMAND.

93. Plaintiff demands a trial by jury.

## D. PRAYER

94. For these reasons, Plaintiff asks for judgment against Defendants for the following:

i. The above referenced relief requested;

ii. Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k as to

Palisades and the Houslanger Defendants;

iii. Actual damages within the jurisdictional limits of the court against all the Defendants;

iv. Exemplary and punitive damages within the jurisdictional limits of the court against all the Defendants;

v. Attorney fees against Palisades and the Houslanger Defendants;

vi. Costs as to all Defendants;

vii. Prejudgment and post-judgment interest as allowed by law;

viii. A declaration that Palisades and the Houslanger Defendants violated the FDCPA as alleged in the complaint;

ix. General relief;

x. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax: (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

Last printed 6/6/2012 7:31 PM

Shanna Tallarico
ATTORNEY FOR PLAINITIFF
Of Counsel to Yisroel Schulman, Esq.,
New York Legal Assistance Group
7 Hanover Square, 18th Floor
New York, NY 10004
Phone: (212) 613-5000 ext. 5155
Email: stallarico@nylag.org

**CERTIFICATE OF SERVICE**

I hereby certify that I also emailed a copy of the complaint to the above parties, with copy to follow via ECF.

Defendants Palisades Collection, LLC
By and through its attorney of record
Jonathan J. Greystone, Esq.
Spector Gadon & Rosen P.C.
1635 Market St. 7th Floor
Philadelphia PA 19103
Direct Phone: (215) 241-8927
Direct Fax: (215) 531-9140
Email: jgreystone@lawsgr.com

Defendants Houslanger & Associates, PLLC, and Todd Houslanger
By and through their attorney of record
Jay Shapiro
White & Williams, LLP One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119-4115
Phone: 212.714.3063
Fax: 212.631.1240
Email: shapiroj@whiteandwilliams.com

Shanna Tallarico
One of Plaintiff's Attorneys
Of Counsel to Yisroel Schulman, Esq.,
New York Legal Assistance Group
7 Hanover Square, 18th Floor
New York, NY 10004
Phone: (212) 613-5000 ext. 5155

Last printed 6 6 2012 7 31 PM

Email: stallarico@nylag.org

Date: June 6, 2012
Brooklyn, NY

Ahmad Keshavarz
One of Plaintiff's Attorneys

Last printed 6 6 2012 7 31 PM

## TABLE OF CONTENTS FOR EXHIBITS TO 1ST AMENDED COMPLAINT

**Complaint Exhibit Letter** **Contents of exhibit.**

A. Collection lawsuit (summons, complaint, affidavit of service, judgment).

B. Mel Harris collection notes [entitled "debtor history report"] and Harris emails with Palisades.

C. April 25, 2011. Order to show cause, signed by Judge Franco, staying all collection and setting hearing.

D. Copy of order to show cause with CMRRR envelope within which it came received by Harris on April 29, 2011.

E. Computer records of Marshal Moses related to Mr. Okyere.

F. August 31, 2011, Consent to Change Attorney filed with court.

G. Check from bank to Marshal Moses.

# EXHIBIT A

# CONSUMER CREDIT TRANSACTION

## IMPORTANT!! You Are Being Sued!! This is a Court Paper - A SUMMONS.

Don't throw it away!! Talk to a Lawyer right away. Part of your pay can be taken from you (Garnisheed) if you do not bring this to court, or see a Lawyer. Your property can be taken and your credit rating can be hurt!! You may have to pay other costs too!! If you can't pay for your own Lawyer bring these papers to this court right away. The clerk (personal appearance) will help you.

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX

Palisades Collection, LLC Assignee of: Discover Card
Plaintiff,

Index No. 44525

-AGAINST-

Plaintiff's Residence
210 Sylvan Avenue
ENGLEWOOD CLIFFS, NJ 07632

**SUMMONS**

JOHNSON POKU OKYERE
1860 MORRIS AVE APT 2A
BRONX, NY 10453

Defendant(s)

The Basis of Venue is: Defendant's Residence

To the above named defendant(s):
YOU ARE HEREBY SUMMONED to appear in the CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX, at the office of the clerk of the said Court at 851 GRAND CONCOURSE in the county of BRONX, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the clerk; upon your failure to answer, judgment will be taken against you for the sum of $4551.94 with interest on the sum of $3600.70 from 01-08-2004 and the costs of this action.

**Dated 1/12/2004**

By: Mel S. Harris/Seth Schlanger/Richard Ellison/David Waldman
Mel S. Harris and Associates, LLC
Attorneys for Plaintiff
116 John Street Suite 1510
New York, NY 10038
(212)571-4900 ext. 3998

Note the law provides that:
a) If this summons served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY DAYS after such service: or b) If this summons is served by it's delivery to any person other than you personally or is served outside the City of New York, or by publication, or by any other means other than personal delivery to you within the City of New York, you are allowed THIRTY DAYS after the proof of service is filed with the Clerk of this Court within which to appear and answer.

443174-1 / PALD / 8605489 1844/27                

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX

Palisades Collection, LLC Assignee of: Discover Card
           PLAINTIFF(S)

# COMPLAINT

-AGAINST-

JOHNSON POKU OKYERE

        DEFENDANT(S)

Plaintiff by its attorneys, Mel S. Harris and Associates LLC, complaining of the defendant(s) respectfully allege upon information and belief as follows:

## FIRST CAUSE OF ACTION

1. Plaintiff, Palisades Collection, LLC Assignee of: Discover Card is a Foreign Corporation doing business within the State of NJ.
2. Upon information and belief defendant resides or is employed in the county in which this action is brought; or that the defendant transacted business within the county in which this action is brought in person or through an agent and that the instant cause of action arose out of said transaction.
3. Upon information and belief that the defendant entered into a Retail Charge Account Agreement with the Plaintiff's - Assignor wherein defendant agreed to pay Plaintiff's - Assignor all amounts charged to said account by the authorized use thereof.
4. Upon information and belief the agreement containing the terms and conditions governing the use of the charge account, including terms of payment was mailed to defendant.
5. Upon information and belief thereafter defendant incurred charges by use of the said Charge Account in the sum of $3958.21 no part of which sum has been paid, although duly demanded.
6. Defendant having defaulted in payment under the terms of the agreement has incurred thereby agreed upon reasonable attorney fees of 15.00%, to wit: $593.73.
7. There is now due and owing to plaintiff from defendant the agreed total sum of $4551.94 with interest on $3600.70 from 01-08-2004.

WHEREFORE, Plaintiff demands judgment against the defendant(s) for the sum of $4551.94 together with interest on $3600.70 from 01-08-2004 plus the costs of this action.

            Mel S. Harris and Associates LLC
            Attorneys for Plaintiff
            116 John Street Suite 1510
            New York, New York 10038
            (212)571-4900 ext. 3998



# *Affidavit of Service*

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX
District: BRONX
Part:

| | |
|---|---|
| Palisades Collection, LLC Assignee of: Discover Card | PLAINTIFF(s) |
| - against - | |
| JOHNSON POKU OKYERE | DEFENDANT(s) |

Attorney: MSHAA
Att. File: 443174-1
Mortage:
Index:
S&C Filed:

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

JOSE ROJAS, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 03/24/2004 at 02:26 PM at 1860 MORRIS AVE APT 2A, BRONX, NY, 10453 deponent served the within Summons and Complaint on JOHNSON POKU OKYERE defendant therein named.

☒ **SUITABLE AGE PERSON** By delivering 1 true copy(s) thereof to and leaving with DORIS AKUFFO - WIFE a person of suitable age and discretion at the above address, the said premises being the defendant-respondents dwelling place within the State of New York.

☒ **MAILING** Deponent completed service under the last two sections by depositing 1 copy(s) of the above described papers in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York, on 03/30/2004 addressed to the defendant(s) served to the above address with the envelope bearing the legend "PERSONAL AND CONFIDENTIAL" and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the defendant(s).

**DEPONENT DESCRIBES THE INDIVIDUAL AS FOLLOWS:**

| Sex: | Approx. Age: | Approx. Height: | Approx. Weight: | Color of Skin: | Color of Hair: |
|---|---|---|---|---|---|
| Female | 41 to 50 yrs | 5-4 to 5-7 ft | 175 to 199 lbs | Black | Black |

Other:

☒ Deponent asked the person whether the defendant and/or present occupant was presently in the military service of the United States Government or on active duty in the military service in State of New York or a dependant of anybody in the military and was told defendant and/or present occupant was not.

Sworn to before me on: 03/30/2004

GRACE MASONE
Notary Public, State of NEW YORK
No. 01-MA-4997836
Qualified in NASSAU
Commission expires JUNE 15, 2006

JOSE ROJAS
license no: 1017431

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX
Index No. 44525-04

Palisades Collection, LLC Assignee of: Discover Card
PLAINTIFF

**AFFIDAVIT OF MERIT**

AGAINST

JOHNSON POKU OKYERE
DEFENDANT(S)

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss

**Todd Fabacher** being duly sworn, deposes and says:

I am an authorized and designated custodian of records for the plaintiff's assignor in the State of NY,that I maintain the daily records and accounts in the regular course of business, including records maintained by and obtained from the assignor, which was made and maintained in the regular course of business,and that I am thereby fully and personally familiar with,and have personal knowledge of, the facts and proceedings relating to the within action.

That plaintiff is the assignee and purchaser of the claim herein from the assignor stated above and thereby returns all rights and title to recover said claim.

That said action is based upon a Retail Charge Account Agreement executed by defendant with plaintiff's assignor wherein defendant agreed to pay all amounts charged to said account by the authorized use thereof and that the plaintiff purchased this account from the assignor herein and was assigned all rights and obligations.

That defendant incurred charges by the use of said charge account and that account statements were remitted to defendant by the assignor in the regular course of business but defendant has defaulted in the payments to be made pursuant to the terms of said charge account agreement and the account has now matured. There remains due and owing an unpaid agreed balance of $3721.21.

That although duly demanded no part of the total sum of $3721.21 has been paid.

WHEREFORE, Plaintiff demands judgment against the defendant(s) for the sum of $3721.21 together with interest on $3600.70 from 01-08-2004 plus the costs of this action.

signed: ____________________

Sworn to before me this 05 day of August, 2004

**Michael Young**
**Notary Public - State of New York**
**No. 41-4930598**
**Qualified in Queens County**
**Commission Expires June 20, 2006**

443174-1 / PALD / 8605489



CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX

Palisades Collection, LLC Assignee of: Discover Card
Plaintiff's Address:
210 Sylvan Avenue
ENGLEWOOD CLIFFS, NJ 07632

Index No. 44525-04

Plaintiff

against

**JUDGMENT ON DEFAULT**

JOHNSON POKU OKYERE
1860 MORRIS AVE APT 2A
BRONX, NY 10453

Defendant(s)

| | | | |
|---|---|---|---|
| Amount claimed in complaint (less attorney fees claimed) | | $ | 3958.21 |
| Less Payments Made | | $ | 237.00 |
| Total (Suit Amount Less Payments) | | $ | 3721.21 |
| Interest @ 9% on $3600.70 from 01-08-2004 | | $ | 107.82 |
| Costs By Statute | $20.00 | | |
| Service Of Summons & Complaint | $20.00 | | |
| Filing of Summons & Complaint | $45.00 | | |
| Prospective Marshals Fees | $40.00 | | |
| Attorney Fees **Waived** | $0.00 | | |
| Total Fees | | $ | 125.00 |
| Total | | $ | 3954.03 |

Mel ~~S.Harris/Seth H.Schlanger/Richard Ellison/D~~avid Waldman/~~Kerry Lutz, a~~ partner/associate ~~of~~ the firm Mel S Harris And Associates, LLC, attorneys of record for the plaintiff; affirms under the penalties of perjury that service of the summons and complaint has been made; that the disbursements specified herein have been or will necessarily be incurred and are reasonable in amount; that the time for the defendant(s) to appear or answer has expired and the plaintiff is entitled to judgment by default.

On 4/14/2004 affirmant mailed in a properly addressed and sealed envelope by first class mail a copy of the summons and complaint. Such envelope was deposited in an official depository of the U.S. Postal Service within the State of New York, to the defendant(s) herein at said defendant(s) last known residence address:JOHNSON POKU OKYERE 1860 MORRIS AVE APT 2A BRONX, NY 10453. Said envelope was marked "personal and confidential" not indicating that it was from an attorney or concerning an alleged debt. Same has not been returned. Said mailing herein was not less than twenty (20) days prior to the submission of this judgment for entry.

This action is against a natural person based on nonpayment of a contractual obligation. The summons and complaint contained and displayed at the top thereof the words, legend and caveat required by Sec (D) (F) of N.Y.C.C.C.R.208.6 This affirmation is also made in compliance with the Soldiers and Sailors Civil Relief Act of 1940 and amendments, and the N.Y.S. Soldiers and Sailors Relief Act of 1951; the said defendant(s) is (are) not at the present time in the Military Service of the U.S. and my belief is based upon the facts stated in the Non Military Affidavit heretofore filed herein.

Dated: New York, N.Y.: 05-17-2004

**Mel S Harris And Associates, LLC**
**Attorneys for plaintiff**
**116 John Street, New York, NY 10038 Tel: (212) 571-4900**

Judgment is rendered in favor of Palisades Collection, LLC Assignee of: Discover Card residing at 210 Sylvan Avenue ENGLEWOOD CLIFFS, NJ 07632, against JOHNSON POKU OKYERE , whose respective address(s) is/are 1860 MORRIS AVE APT 2A BRONX, NY 10453 in the sum of $3721.21 with interest of $107.82 and with the sum of $125.00 costs and disbursements, amounting in all to the sum of $3954.03 and it is adjudged that the plaintiff have execution therefor.

JUDGMENT ENTERED ON:______________ CLERK ______________ QC DB

**443174-1 / PALD / 8605489**



# EXHIBIT B

# DEBTOR HISTORY REPORT

10:19AM 05-25-12 Page 1

| DEBTOR ID # | NAME | ECOA DESCRIPTION | PHONE NUMBER | |
|---|---|---|---|---|
| 443174 | JOHNSON POKU OKYERE | Authorized user | HOME-1 | 718-904-8829 |

| DATE OF BIRTH | SOCIAL SECURITY NUMBER | DRIVER'S LICENSE | LANGUAGE |
|---|---|---|---|
| | [redacted] | | |

LATEST ADDRESS
1860 MORRIS AVE APT 2A
BRONX, NY 10453

DEBTOR STATUS: Closed-Agency Request
BROKEN PROMISES: 4
NSF CHECKS: 0
COLLECTOR: 999

| CLIENT NAME | REF. # | SERVICE DATE | LIST DATE | ACCOUNT STATUS | PRINCIPAL | INTEREST | FEES | BALANCE |
|---|---|---|---|---|---|---|---|---|
| Palisades Collection, LL | 8605489 | 03-12-03 | 12-08-03 | Closed-Agency Request | .00 | 39.74 | .00 | .00 |
| | | | | | | TOTAL OWED: | | $.00 |

| EMPLOYER | EMPLOYMENT DETAILS | EMPLOYER ADDRESS | EMPLOYER CITY, STATE, ZIP | EMPLOYER PHONE |
|---|---|---|---|---|
| [redacted]P | | [redacted] | BRONX, NY 10469 | [redacted] |

| BANK | BANK ACCOUNT NUMBER | BANK ADDRESS | BANK CITY, STATE, ZIP | BANK PHONE |
|---|---|---|---|---|

| FIRM | ATTORNEY | ATTORNEY ADDRESS | ATTORNEY CITY, STATE, ZIP |
|---|---|---|---|

DEBTOR PAYMENT HISTORY

| PAYMENT DATE | PAYMENT AMOUNT | PAYMENT CODE & DESCRIPTION | |
|---|---|---|---|
| 06-02-04 | 79.00 | 4 | Direct to Client |
| 03-12-04 | 79.00 | 4 | Direct to Client |
| 03-01-04 | 79.00 | 4 | Direct to Client |
| 01-16-04 | 79.00 | 4 | Direct to Client |

PROMISED PAYMENTS

| DATE | AMOUNT |
|---|---|

POST DATED CHECKS

| DATE | AMOUNT |
|---|---|

| ACTIVITY DATE | ACTIVITY TIME | ACTIVITY COMMENTS |
|---|---|---|
| 12-08-2003 | 03:43PM | Automatic Debtor status change from to NEW. |
| 12-08-2003 | 03:43PM | New account 443174-1 added. |
| 12-08-2003 | . | Open Date:12/21/1999 C/O:6/30/2003 |
| 12-08-2003 | . | Lat Pay Date:3/12/2003 |
| 12-08-2003 | 03:43PM | Changed Collector from 999 to 997. |
| 12-08-2003 | 03:51PM | Automatic Debtor status change from NEW to CLI. |

DEBTOR HISTORY REPORT

10:19AM 05-25-12 Page 5

| ACTIVITY DATE | ACTIVITY TIME | ACTIVITY COMMENTS |
|---|---|---|
| 09-07-2006 | 09:58AM | TO PROCESS NO WAGE ATTCHMNTS UNTILL FRTHR NOTICE - |
| 09-07-2006 | 09:58AM | SHE SAYS SHE WILL CALL US BCK WHEN THT CHANGES BUT |
| 09-07-2006 | 09:58AM | NDS F/U... |
| 09-18-2006 | . | 443174-1: Info Subpoena scanned. |
| 02-06-2007 | . | ALY:443174-1 Emp Info Sub: GOLD CREST CARE CENTER |
| 02-06-2007 | . | CORP |
| 03-29-2007 | 11:22AM | #51 Phoned debtor Business///GOLD CREST CARE CENTER |
| 03-29-2007 | 11:22AM | CORP BUT THE OPERATOR LEFT ME ON HOLD AND THR HAS |
| 03-29-2007 | 11:22AM | BEEN NO RESPNSE TO OUR INFO SUB SO A FAILURE TO |
| 03-29-2007 | 11:22AM | RESPND TO INFO SUB LTTR ISSUED... |
| 03-29-2007 | . | ALY:443174-1: not answer on INFO SUPB letter sent. |
| 05-04-2007 | 09:13AM | #51 Phoned debtor Business///GOLD CREST CARE CENTER |
| 05-04-2007 | 09:13AM | CORP BUT I GOT THE PAYROLL REPS VOICEMAIL SO I LMTC |
| 08-30-2007 | . | 443174-1: 426 Letter sent. |
| 11-14-2007 | . | #69**443174-1: RNIS Sent to MUNICIPAL CREDIT UNION |
| 05-21-2008 | . | #69**443174-1: RNIS Sent to WASHINGTON MUTUAL |
| 06-26-2008 | . | 443174-1: 426 Letter sent. |
| 04-06-2009 | 09:24PM | Automatic Debtor status change from MAT to CAR. |
| 04-06-2009 | 09:24PM | Automatic account 443174-1 status change from MAT to CAR. |
| 04-06-2009 | 09:24PM | $3,600.70 Principal Balance adjusted to 0.00 |
| 04-06-2009 | 09:24PM | $2,336.73 Interest Balance adjusted to 0.00 |
| 04-06-2009 | 09:24PM | $340.23 Fee Balance adjusted to 0.00 |
| 04-07-2009 | . | 443174-1: ACCT RECALLED BY CLIENT |
| 09-16-2009 | 05:14PM | Changed Collector from 007 to 999. |
| 10-31-2009 | 10:27AM | Automatic Debtor status change from CAR to . |
| 04-29-2011 | 03:53PM | TO CLIENT FOR REVIEW/APPEARANCE |
| 04-29-2011 | 03:53PM | AS CASE WAS PREVIOUSLY ON CALENDAR |
| 04-29-2011 | 03:53PM | + PERMISSION FOR MSH TO APPEAR - CANNOT ADD TO CAL |
| 04-29-2011 | 03:53PM | FWD TO AMA FOR REVIEW /EMAIL TO AUDITING: FWD OSC |
| 04-29-2011 | 03:53PM | SVC TO MSH: CERT MAIL BY 4/28 |
| 04-29-2011 | 03:53PM | AOS: SAD SVC @ PREV ADD/PYMTS APPLIED: 316.00 |
| 04-29-2011 | 03:53PM | NO IEX/PEX |
| 04-29-2011 | 03:53PM | NO HIT/MAT |
| 04-29-2011 | 03:53PM | CT DTE: 5.5.11 BRONX P 34C RM 504 |
| 04-29-2011 | 03:53PM | OSC: D CLAIMS JUDGMENT HAS BEEN SATISFIED VIA IEX |
| 04-30-2011 | 07:25AM | Automatic Debtor status change from CAR to . |
| 05-02-2011 | 03:48PM | EMAIL TO CANDICE AT PAL |
| 05-03-2011 | 05:02PM | NO RESPONSE FROM CLIENT ON APPEARANCE. WILL FU. |
| 05-04-2011 | 09:56AM | IS FOLLOWING UP FOR THE CONSENT. |
| 05-04-2011 | 09:56AM | IN OTHER WORDS, WE ARE NOT APPEARING AND CIN |
| 05-04-2011 | 09:56AM | AND STATED A CONSENT TO CHANGE ATTNYS IS PENDING. |

| ACTIVITY DATE | ACTIVITY TIME | ACTIVITY COMMENTS |
|---|---|---|
| 05-16-2011 | . | 443174-1: Attorney Court Report - See Pinpoint. |
| 05-18-2011 | 09:00AM | NOTIFIED CT THAT PLNTF IS NO LONGER REP'D BY MSH |
| 05-18-2011 | 09:00AM | ATTY RPT: 5.5.11 SHARON BRONX P 34C |
| 05-28-2011 | 10:28AM | Automatic Debtor status change from CAR to . |
| 06-09-2011 | 08:50AM | ***case added to cal ** |
| 06-09-2011 | 08:26AM | ELAW POPUP FWD TO HILL FOR REVIEW |
| 06-10-2011 | 04:25PM | OUT GETTING CONSENT TO CHANGE. |
| 06-10-2011 | 04:25PM | EMAIL TO CIN/TYIER TO NOTIFY CLIENT AND WORK |
| 06-10-2011 | 04:25PM | ONLY TO THE EXTENT OF INFORMING THE COURT. |
| 06-10-2011 | 04:25PM | WE ARE NOT AUTHORIZED TO APPEAR. |
| 06-10-2011 | 04:25PM | APPNG ATTNY, AS WE WERE NOT SERVED WITH THE OSC, |
| 06-10-2011 | 04:25PM | CHANGE WAS PENDING BUT WE NEVER GOT ANYTHING. |
| 06-10-2011 | 04:25PM | SERVED BC CORRECT ATTORNEY WAS. HOWEVER, CONSENT TO |
| 06-10-2011 | 04:25PM | WE DID NOT APPEAR. ALSO, POSSIBLE WE WERE NOT |
| 06-10-2011 | 04:25PM | NOT TO APPEAR. UNCLEAR WHY OSC FILED AGAIN AS |
| 06-10-2011 | 04:25PM | IN THIS CASE PREVIOUSLY AND CLIENT TOLD US |
| 06-10-2011 | 04:25PM | REVIEW OF POP UP: WE HAD BEEN SERVED WITH AN OSC |
| 06-14-2011 | 06:49PM | ACTION NEEDED. |
| 06-16-2011 | . | 443174 1: Attorney Court Report - See Pinpoint. |
| 06-16-2011 | 10:49AM | NO AUTHORITY TO APPEAR ON MATTER - |
| 06-16-2011 | 10:49AM | ATTY RPT: 6.14.11 PEREZ BRONX P 34C |
| 06-20-2011 | . | 443174-1: Attorney Court Report - See Pinpoint. |
| 06-20-2011 | 04:16PM | NOTIFIED CT THAT MSH NO LONGER REPS PLNTF |
| 06 20-2011 | 04:16PM | ATTY RPT: 6.16.11 SHARON BRONX P 34C |
| 07-03-2011 | 02:12PM | Automatic Debtor status change from CAR to . |
| 09-14-2011 | . | 443174-1: Attorney Court Report - See Pinpoint. |
| 09 15-2011 | 05:06PM | DID NOT APPEAR ON THIS MATTER |
| 09-15-2011 | 05:06PM | ATTY RPT: 9.14.11 VAGO BRONX P 11C |
| 10-01-2011 | 12:32PM | Automatic Debtor status change from CAR to . |

**From:** Candice Gill [mailto:cgill@astafunding.com]
**Sent:** Tuesday, May 03, 2011 9:58 AM
**To:** Angelise Torres
**Subject:** FW: Closed Agency Request_ 443174-1 JOHNSON POKU OKYERE

Angie
Current counsel will defend. Thank you

~ Candice Gill ~

---

**From:** Matt Blake [mailto:mattblake@ariesdata.com]
**Sent:** Tuesday, May 03, 2011 9:59 AM
**To:** Candice Gill
**Subject:** RE: Closed Agency Request_ 443174-1 JOHNSON POKU OKYERE

We will defend.

Matthew J. Blake
Aries Data Collections
45 Kensico Drive
Mount Kisco, NY 10549
(914) 666-2823 (direct)
(914) 666-2841 (fax)
(877) 274-3753 (toll free)

mattblake@ariesdata.com
www.ariesdata.com

Federal law requires me to inform you that this correspondence is from a debt collector. Any information obtained will be used to collect a debt.

---

**From:** Candice Gill [mailto:cgill@astafunding.com]
**Sent:** Monday, May 02, 2011 6:46 PM
**To:** 'Matt Blake'
**Subject:** FW: Closed Agency Request_ 443174-1 JOHNSON POKU OKYERE
**Importance:** High

Matt
Are you defending?

~ Candice Gill ~

---

**From:** Angelise Torres [mailto:atorres@melharrislaw.com]
**Sent:** Monday, May 02, 2011 3:49 PM

**To:** Candice Gill
**Subject:** FW: Closed Agency Request_ 443174-1 JOHNSON POKU OKYERE
**Importance:** High

*hi Candice,*

*Please see below and attached and advise if we shall appear on your behalf, thanks*

8605489

***Angelise Torres-Decker***
**Client Relations / Audit Manager**
**Mel S Harris & Associates**
**5 Hanover Square, 8th fl**
**New York, N.Y. 10004**
**212-571-4900 ext 3274**

**From:** Daphne Cedres
**Sent:** Friday, April 29, 2011 3:58 PM
**To:** Auditing
**Cc:** Cindy Jerez; Tyier Cruickshank
**Subject:** Closed Agency Request_ 443174-1 JOHNSON POKU OKYERE
**Importance:** High

Good morning,

Please forward the attached order to show cause (returnable 5/5/11) to the client) and find out if MSH is to appear. If our office is to appear, please obtain specific instructions for our attorney.

Thank you!
Daphne Ann Cedres
Legal Department - Paralegal
Mel S. Harris and Associates, LLC
5 Hanover Square, 8th Floor
New York, NY 10004-2614
Phone: 212-571-4900 ext. 3240
Facsimile: 212-660-1026
E-mail: dcedres@melharrislaw.com

000060

<hr< U5:P="">size=2 width="100%" align=center>

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

# EXHIBIT C

Movant alleges he is represented by an atty

**Civil Court of the City of New York**

County of **Bronx Part 34C**

**Index Number CV-044525-04/BX**

PALISADES COLLECTION, L.L.C. AAO DISCOVER CARD
-against-
JOHNSON POKU OKYERE

n/o

**ORDER TO SHOW CAUSE**

To Vacate a Judgment, restore case to the Calendar, and vacate any liens and income executions involving this defendant on this case and or to dismiss

**APPEARANCE IS MANDATORY**

**UPON** the annexed affidavit of JOHNSON POKU OKYERE, sworn to on April 25, 2011, and upon all papers and proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

**Civil Court of the City of New York**
**851 Grand Concourse**
**Bronx, NY 10451**
**Part 34C** **Room 504**
**on** May 5, 2011 **at** 9:30 **AM**

or as soon thereafter as counsel may be heard, why an order should not be made:

**VACATING** the Judgment, restoring to the calendar, vacating any liens and income executions and/or granting such other and further relief as may be just.

**PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

**SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Claimant(s)/Plaintiff(s) or named attorney(s):
(Judge to Initial)

✓ by Personal Service by " In Hand Delivery"
✓ by Certified Mail, Return Receipt Requested
______ by First Class Mail with official Post Office Certificate of Mailing

Sheriff or Marshal:
(Judge to Initial)

✓ by Personal Service by " In Hand Delivery"
______ by Certified Mail, Return Receipt Requested
______ by First Class Mail with official Post Office Certificate of Mailing

on or before 4/28/11, shall be deemed good and sufficient.

**PROOF OF SUCH SERVICE** shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Attorney(s): Mail to:
Mel S. Harris & Associates LLC (Counsel for Pltf)
5 Hanover Square
8th Floor
New York, NY 10004-2614

Sheriff/Marshal:
NYC marshal
Moses, Ronald, Marshal
116 John Street
15th Floor
New York, NY 10038-

April 25, 2011
DATE

Hon. ~~Jose A. Padilla~~, Civil Court Judge, Acting JSC (NYC)

**HON. R. FRANCO**

5/12/11
92
Withdrawn Index/Disposed

6/14/11 for conf
ē Twi interpreter
5/12/11

px adj for Conf
9/14/2011
IIC

Civil Court of the City of New York, County of Bronx

CV-044525-04/BX

PALISADES COLLECTION, L.L.C. AAO DISCOVER CARD
-against-
JOHNSON POKU OKYERE

Affidavit in Support to restore case to the calendar, and vacate any judgment, liens and income executions involving this defendant on this case, and/or to dismiss

State of New York, County of Bronx
**JOHNSON POKU OKYERE**, being duly sworn, deposes and says:
(Defendant's initials)

1. JO a) I am the **Party** named as (Defendant)(Respondent) in the above titled action.

2. [illegible] a) **I have been served** with a summons and complaint in this action. **[NOTE: if Small Claims skip #3, and go to # 4]**
b) **I have not been served**, and my first notice of legal action was **[NOTE: if you complete any of #2b, skip #3, #4, #5, and go to #6]**
____ a Notice of Default Judgment mailed to me
✓ a Restraining Notice on my bank account.
____ a copy of an Income Execution served on ____
____ Other: ____

3. ____ a) I did not appear and answer in the Clerk's Office because: **[NOTE: if you complete # 3a, skip and go to #6]**.
b) I did appear and answer in the Clerk's Office
____ and I received a date for trial.
____ but the answer was entered late
____ Other: Judgoment has been SatisFy Twice through income execution.

4. On the Date of **Trial** before Judge/Arbitrator
____ a stipulation(a written agreement) was made between claimant/plaintiff and defendant.
____ a judgment was entered after the trial.
J,O a judgment was entered against me by default for my failure to appear.
____ Other: ____

5. My reason for not
____ complying with the stipulation is ____
____ following the order of the Court is ____
____ appearing in court on the date scheduled for trial is ____
____ Other: ____

6. I allege that I have a good defense because: Judgoment has been Satisfied Twice already through income execution by two Marshall

7. JO a) I have not had a previous Order to Show Cause regarding this index number.
____ b) I have had a previous Order to Show Cause regarding this index number but I am making this application because: ____

8. J,O I request that the Judgment be vacated, that the case be restored to the calendar, and permission to serve these papers in person.

Sworn to before me this day April 25, 2011

[signature]
Signature of Court Employee and Title

RICHARD NEWFIELD
NOTARY PUBLIC, State of New York
No. 04NE6157982
Qualified in Bronx County
Commission Expires Dec. 11, 20 14

(Sign Name) [signature]
JOHNSON POKU OKYERE
1565 thieriot ave
apt 1j
Bronx, NY 10460-

# EXHIBIT D

Movant alleges he isn't represented by an atty

**Civil Court of the City of New York**

County of **Bronx Part 34C**

**Index Number CV-044525-04/BX**

PALISADES COLLECTION, L.L.C. AAO DISCOVER CARD

-against-

JOHNSON POKU OKYERE

**ORDER TO SHOW CAUSE**

To Vacate a Judgment, restore case to the Calendar, and vacate any liens and income executions involving this defendant on this case and ~~or to dismiss~~

**APPEARANCE IS MANDATORY**

RECEIVED APR 28 2011

**UPON** the annexed affidavit of JOHNSON POKU OKYERE, sworn to on April 25, 2011, and upon all papers and proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

**Civil Court of the City of New York**
**851 Grand Concourse**
**Bronx, NY 10451**
**Part 34C** **Room 504**
**on** May 5, 2011 **at** 9:30 **AM** Thursday

or as soon thereafter as counsel may be heard, why an order should not be made:

**VACATING** the Judgment, restoring to the calendar, vacating any liens and income executions and/or granting such other and further relief as may be just.

**PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

**SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Claimant(s)/Plaintiff(s) or named attorney(s):
(Judge to Initial)

__✓__ by Personal Service by " In Hand Delivery"
__✓__ by Certified Mail, Return Receipt Requested
______ by First Class Mail with official Post Office Certificate of Mailing

Sheriff or Marshal:
(Judge to Initial)

__✓__ by Personal Service by " In Hand Delivery"
______ by Certified Mail, Return Receipt Requested
______ by First Class Mail with official Post Office Certificate of Mailing

on or before 4/28/11, shall be deemed good and sufficient.

**PROOF OF SUCH SERVICE** shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

Attorney(s): Mail to:
Mel S. Harris & Associates LLC (Counsel for Pltf)
5 Hanover Square
8th Floor
New York, NY 10004-2614

Sheriff/Marshal:
NYC marshal
Moses, Ronald, Marshal
116 John Street
15th Floor
New York, NY 10038-

April 25, 2011
DATE

RF

Hon. ~~Jose A. Padilla~~, Civil Court Judge, Acting JSC (NYC)

**HON. R. FRANCO**

443174-1

Civil Court of the City of New York, County of Bronx

CV-044525-04/BX

PALISADES COLLECTION, L.L.C. AAO DISCOVER CARD
-against-
JOHNSON POKU OKYERE

Affidavit in Support to restore case to the calendar, and vacate any judgment, liens and income executions involving this defendant on this case, and/or to dismiss

State of New York, County of Bronx

**JOHNSON POKU OKYERE**, being duly sworn, deposes and says:

(Defendant's initials)

**1.** JO a) I am the **Party** named as (Defendant)(Respondent) in the above titled action.

---

**2.** [illegible] a) **I have been served** with a summons and complaint in this action. **[NOTE: if Small Claims skip #3, and go to # 4]**

b) **I have not been served**, and my first notice of legal action was **[NOTE: if you complete any of #2b, skip #3, #4, #5, and go to #6]**

_____ a Notice of Default Judgment mailed to me
✓ a Restraining Notice on my bank account.
_____ a copy of an Income Execution served on _____
_____ Other: _____

---

**3.** _____ a) I did not appear and answer in the Clerk's Office because: **[NOTE: If you complete # 3a, skip and go to #6].**

b) I did appear and answer in the Clerk's Office
_____ and I received a date for trial.
_____ but the answer was entered late
_____ Other: Judgement has been Satisfy Twice through income execution.

---

**4.** On the Date of **Trial** before Judge/Arbitrator
_____ a stipulation(a written agreement) was made between claimant/plaintiff and defendant.
_____ a judgment was entered after the trial.
J.O a judgment was entered against me by default for my failure to appear.
_____ Other: _____

---

**5.** My reason for not
_____ complying with the stipulation is _____
_____ following the order of the Court is _____
_____ appearing in court on the date scheduled for trial is _____
_____ Other: _____

---

**6.** I allege that I have a good defense because: Judgement has been Satisfied Twice already through income execution by two Marshall

---

**7.** J.O a) I have not had a previous Order to Show Cause regarding this index number.
_____ b) I have had a previous Order to Show Cause regarding this index number but I am making this application because: _____

---

**8.** J.O I request that the Judgment be vacated, that the case be restored to the calendar, and permission to serve these papers in person.

---

Sworn to before me this day April 25, 2011

[signature]
Signature of Court Employee and Title

RICHARD NEWFIELD
NOTARY PUBLIC, State of New York
No. 04NE6157982
Qualified in Bronx County
Commission Expires Dec. 11, 20 14

(Sign Name) [signature]
JOHNSON POKU OKYERE
1565 thieriot ave
apt 1j
Bronx, NY 10460-

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mel S. Harris & associate LLC
5 Honover square
8 Floor
New York, NY 10004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Laurice Spratley ☐ Agent ☐ Addressee

B. Received by (Printed Name) Laurice Spratley

C. Date of Delivery 04/28/11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

From: ... Ungere
1565 Thiebiot AVE
APT. 1J
BRONX, NY 10460

7010 3090 0001 2433 2346

CERTIFIED MAIL

7010 3090 0001 2433 2346

U.S. POSTAGE
PAID
BRONX, NY
10469
APR 27, 11
AMOUNT
$6.03
00044552-08
1000
10004

To: Mel S. Harris & Associates LLC.
5 Hanover Square
8 FLOOR
New York, NY 10004-2614

000047

# EXHIBIT E

Docket#: R 000073807 CASE INFORMATION **PROPERTY**

Status: **JUDGMENT VACATED** - **JV** Date: **11/17/11**
Creditor: **PALISADES COLLECTION LLC** Exp:
File #: **110547**
Attorney: **HOUSLANGER & ASSOCIATES** - **HOUS**
Debtor: **OKYERE, JOHNSON** *Total Due: **7000.36**
Special Remark:

| Seq# | Date | Text | D | Aty | User |
|---|---|---|---|---|---|
| 1 | 3/30/11 | BANK ATTACHMENT PREPARED $6,644.91 | | | RMANGIE |
| 2 | 3/30/11 | BANK ATTACHMENT HAS BEEN SERVD | | | RMKRISA |
| 3 | 3/30/11 | BANK ATTACHMENT HAS BEEN SERVD | | | RMKRISA |
| 4 | 3/30/11 | ON: 3/30/11 CITIBANK N.A. #1 | | | RMKRISA |
| 5 | 3/30/11 | NOTICE TO DEBTOR/INDIVID. BANK #1 | | | MARON |
| 6 | 4/14/11 | BANK DEMAND LETTER HAS BEEN SENT #1 | | | COMPUTER |
| 7 | 4/19/11 | PER REST NOTE..AMT HELD $2513.29 AFTER EXEMPTION $ | | | RMMH |
| 8 | 5/02/11 | ORDER TO SHOW CAUSE | | | RMRON |
| 9 | 5/02/11 | RECIEVED OSC DATED 050511 TO ATY | | | RMRON |
| 10 | 5/02/11 | PAYOUT REQUEST/REMINDER SENT TO AGNES/BANK. | | | RMMH |

=====area==cd= Phone#: ext / ext =========
Next / / <-Notify
Delete (D) Seq# Aty?

<ENTER>Add<CMD1>More<CMD2>Roll Down<CMD3>Prev<CMD4>Pmts<CMD5>First<CMD7>Cancel

Docket#: R 000073807 CASE INFORMATION PROPERTY

Status: JUDGMENT VACATED - JV Date: 11/17/11
Creditor: PALISADES COLLECTION LLC Exp:
File #: 110547
Attorney: HOUSLANGER & ASSOCIATES - HOUS
Debtor: OKYERE, JOHNSON *Total Due: 7000.36
Special Remark:

| Seq# | Date | Text | D | Aty | User |
|---|---|---|---|---|---|
| 11 | 5/18/11 | Property Ex. 60 day extension has been requested. | | | COMPUTER |
| 12 | 6/28/11 | ANY NEWS ON OSC??PLEASE ADVISE | | Y | RMRON |
| 13 | 7/18/11 | Property Ex. 60 day extension has been requested. | | | COMPUTER |
| 14 | 8/23/11 | PER ATTY HOLD | | | RMRON |
| 15 | 9/16/11 | Property Ex. 60 day extension has been requested. | | | COMPUTER |
| 16 | 11/15/11 | PEWR ATTY HOLD | | | RMRON |
| 17 | 11/15/11 | Property Ex. 60 day extension has been requested. | | | COMPUTER |
| 18 | 11/17/11 | PER MINDY/ATY OFC..CLOSE/RELEASE AS JMT VACATED. | | | RMMH |
| 19 | 11/17/11 | JUDGMENT VACATED | | | RMMH |
| 20 | 11/17/11 | RELEASE TO BANK (ON REQUEST) | | | RMMH |

=====area==cd= Phone#: .............. ext ...../ .............. ext ..... =========
Next ../..... / <-Notify
Delete (D) .. Seq# ..... Aty?

<ENTER>Add<CMD1>More<CMD2>Roll Down<CMD3>Prev<CMD4>Pmts<CMD5>First<CMD7>Cancel

```
Docket#: R 000073807          CASE INFORMATION          PROPERTY

   Status: JUDGMENT VACATED                    - JV    Date: 11/17/11
 Creditor: PALISADES COLLECTION LLC                     Exp:
                                                    File #: 110547
 Attorney: HOUSLANGER & ASSOCIATES             - HOUS
   Debtor: OKYERE, JOHNSON                               *Total Due:    7000.36
Special Remark: ...........................................................
 Seq#   Date    Text.................::.....................:...... D Aty User
  21 11/17/11 RELEASE FAXED TO BANK.                                   RMMH
  22 11/18/11 REFUND SENT TO DEBTOR     $2,513.30 CHECK#:  175336       COMPUTER

 =====area==cd= Phone#: .............. ext ..... / .............. ext ..... =========
 Next  ../.... /                                                      <-Notify
 Delete (D) ..  Seq# .....                                                Aty?

<ENTER>Add<CMD1>More<CMD2>Roll Down<CMD3>Prev<CMD4>Pmts<CMD5>First<CMD7>Cancel
```

```
Docket#: R 000073807          CASE INFORMATION          PROPERTY
                                                        Index#: 44525/04
 Status: JUDGMENT VACATED                    - JV     Date: 111711 Exp:
Creditor: PALISADES COLLECTION LLC            Creditor Cd: PAL
                                                  File #: 110547
Attorney: HOUSLANGER & ASSOCIATES            - HOUS       Date Issued: 32911
  Debtor: OKYERE, JOHNSON                              Date Received: 32911
                                                       Judgment Date: 81604
                                                     Transcript Date:
A/k/a-D/b/a:                                  Original Jmt$:      3954.03

                                              Jmt. Due and Unpaid:      3954.03
Soc.Sec.#: [redacted]                        From: 81604 Interest:      2697.12
                                                    Statutory Fees:       15.00
Court(1): CIVIL         County(1): BRONX                  Expenses:         .86
Court(2):               County(2):                        Poundage:      333.35
                                                                        7000.36
Bank Only: Y           Direct Pay: B                      Payments:
 Mail Out:                                                 Credits:
                                                        *Total Due:     7000.36
 SC Exec.Received:
Collect With: Dkt#1:              Dkt#2:              Dkt#3:

<ENTER>Prcd.<CMD4>Pymnts<CMD5>1st<CMD6>Fees/Exp<CMD7>Cncl<CMD10>Rmrk<CMD12>Smmry
```

000065

Docket#: R 000073807 CASE INFORMATION PROPERTY

Status: JUDGMENT VACATED - JV Date: 111711 Exp:
Creditor: PALISADES COLLECTION LLC
File #: 110547
Attorney: HOUSLANGER & ASSOCIATES - HOUS
Debtor: OKYERE, JOHNSON *Total Due: 7000.36

| Ln# | Date | Rcv | Frm | Type | Amount | Trust Hld | Date | Check# | Amount |
|---|---|---|---|---|---|---|---|---|---|
| | <--- RECEIPTS | | | | | ---> | <--DISBURSEMENT--> | | |
| 1 | 5/13/11 | US | D | BCK | 2513.30 | 2371.78 | | | |
| 2 | 5/13/11 | | D | REF | | | 11/18/11 | 175336 | 2513.30 |

<CMD1>Page Up<CMD2>Page Down<CMD3>Previous<CMD5>First<CMD7>Cancel<CMD10>Remarks

000066

# EXHIBIT G

# CitiDirect Check Image Delivery

- Print Close Window
- Check Image Inquiry Results

| Account # | Check # | Amount | Paid Date | Sequence # |
|---|---|---|---|---|
| [redacted] | 111696003 | $2,513.30 | 05/16/2011 | 1300834758 |

Citigroup.com

Terms of Use Privacy

Copyright © 2003 -2012 Citigroup Inc