**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Johnson Poku Okyere | § | |
|    Plaintiff | § | Case No.:  1:12-cv-01453-JPO-GWG |
| v. | § | |
| Palisades Collection, LLC, | § | |
| Houslanger & Associates, PLLC, | § | |
| Todd Houslanger, and | | |
| Ronald Moses | | |
| | § | |
|    Defendants | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO ISSUE RAISED BY PALISADES FOR FIRST TIME IN MOTION FOR JUDGMENT ON THE PLEADINGS REPLY [DE57] OR, IN THE ALTERNATIVE, MOTION TO STRIKE THE SAME**

Plaintiff files this Motion For Leave To File Sur-Reply To Issue Raised By Palisades For First Time In Motion for Judgment on the Pleadings ("MJP") Reply [DE 57], or, In The Alternative, Motion To Strike The Same, and in support would show as follows.

**A.     Procedural History**.

1.     On August 29, 2012, Plaintiff and Defendant Palisades Collection, LLC filed an Agreed Briefing Schedule for Palisades to file a Motion for Judgment on the Pleadings ("MJP").  [DE 52]

2.     On August 31, 2012, Palisades filed a Motion for Judgment on the pleadings.  [DE 55]

3.     On September 21, 2012, Plaintiff filed an Opposition [DE 63] to Palisade's MJP.

4.     On October 3, 2012, Palisades filed a Reply [DE 67] in support of its MJP.  Palisades raised issues in its Reply that were not raised in its moving papers.  Plaintiff is prejudiced in that he was not afforded the opportunity to respond to the new arguments. Therefore, Plaintiff seeks leave to file a Sur-Reply to the new issues or, in the alternative, move to strike Palisade's new argument.

**B.     Standard of review.**

5.     Neither the Federal Rules of Civil Procedure nor the Court's local rules of procedure

1

specifically address the requirements for the filing of sur-reply briefs.   However, it has been largely accepted that the Court has discretion to permit a party to submit a sur-reply brief when it is alleged that opposing counsel raises a new issue in its reply papers.  Totonelly v. Cardiology Associates of Corpus Christi, Inc., 936 F.Supp. 165, 166 (S.D.N.Y. 1996); Von Hundertmark v. Boston Professional Hockey Ass'n, Inc., No. CV-93-1369 (CPS) 1996 WL 118538, at *3 (E.D.N.Y. Mar. 7, 1996) (finding that the court would consider sur-reply that addressed new arguments and facts raised by movant in its reply but not raised previously in its original motion); Pirnie v. Key Energy Services, LLC, No. 08-cv-01256-CMA-KMT, 2009 WL 1386997, at *1 (D.Colo. May 15, 2009) (stating that "new material" not included in original motion but raised in reply can include new legal arguments or factual evidence).  See also Siti-Sites.com, Inc. v. Verizon Commc'n, Inc., No. 10 Civ. 3751 (DLC), 2010 WL 5392927, at *3 n.6 (S.D.N.Y. Dec. 29, 2010) (finding that as a matter of fairness because movant did not raise any issue in its reply not raised previously there is no basis to provide nonmovant an opportunity to respond again to the same arguments by surreply); Turley v. ISC Lackawanna, Inc., No. 06 Civ. 794S, 2011 WL 1104270, at *7 (W.D.N.Y. Mar. 23, 2011) (plaintiff's request to file a sur-reply is denied because plaintiff did not specify what he needs to respond to in his sur-reply).

### C.     Plaintiff meets the standard for leave to file sur-reply.

6.     In the case at bar, nowhere in its moving papers [DE 55] did Palisades dispute its own liability should Houslanger's motion to dismiss be denied.  If anything, Palisades' moving papers affirmatively state that its own liability turns entirely on that of Houslanger: "The FAC sets forth no facts upon which Houslanger can be liable and therefore Palisades must be dismissed." [DE 55 p. 20 ¶ 2]  See also DE 55 p. 14 ¶ 4 ("Those funds, **seized on behalf of Palisades**, were never possessed

or even controlled by Palisades and the Houslanger Defendants.") (emphasis added); DE 55 p. 6 ¶ 1 ("However, as the facts below reflect, those orders were never served upon the Houslanger Defendants, whose activities in effecting execution of the 2004 judgment all predate the issuance of an order directing the release of the funds."); DE 55 p. 11 ¶ 1 ("However, a specific analysis of the allegations and related claims reveals that there is no liability on the part of Palisades **through** the Houslanger Defendants.") (emphasis added); DE 55 p. 12 ¶ 2 ("Here, **Palisades and the Houslanger Defendants** were not acting falsely, deceptively or in a misleading fashion concerning the collection of the debt. Rather, **Houslanger was moving** to enforce a judgment that was almost seven years old."); DE 55 p. 13 ¶ 2 ("There is no merit to the claim that **Palisades and the Houslanger Defendants** acted in an unconscionable manner.   The Houslanger Defendants represented Palisades in its efforts to secure post-judgment execution.").

7.     Palisades' MJP raised no authority or argument that differed from that of Houslanger's motion to dismiss.  Indeed, Palisades' MJP is literally a "copy and paste" of Houslanger's motion to dismiss, with the addition of a procedural history.  Compare DE 55 pp. 6 – 20 with DE 15 p. 1 – 17. Palisades did mention that Palisades retained Houslanger as its attorney.

8.     However, in its Reply, Palisades' raises argument and authority for the first time that it may not be liable even if Houslanger were liable absent a specific showing of control by Palisades over Houslanger.

> Moreover, Plaintiff continues to attempt to create fact out of fiction by suggesting that Palisades exercised control over the legal counsel who represented it, the Houslanger Defendants, in the Houslanger Defendants collection attempts. Yet, [sic]has proffered no evidence of Palisades control over the Houslanger Defendant[sic]s conduct generally or as to Plaintiff specifically. (Example, see DE 63, Para. 6, p.2 , " ... Palisades, through Houslanger, expressly instructing the Marshal to hold Plaintiff's money when none of the Defendant[sic] had a legal right to do so.)" It is Plaintiff's burden to prove that Palisades

is liable based on the facts presented in the FAC regardless of the liability of the Houslanger Defendants or the Defendant, Ronald Moses. (Sec DE 63, Para. 5, p. 2). The Plaintiff has failed to do so as Plaintiff has alleged no facts independent to Palisades in which he has shown that Palisades exercised control over the Houslanger Defendants or was involved in the Houslanger Defendants collection attempts. Without evidence that Palisades exercised control over the Houslanger Defendants conduct generally and/or as to the Plaintiff specifically, Palisades cannot be vicariously liable to the Plaintiff. See, e.g., Herzlinger v. Nichter, 2011 WL 1434609 at *9 (No vicarious liability where plaintiff "has offered no evidence upon which a reasonable trier of fact could conclude that the Nichter Defendants (as principal) exercised control over the Trans–Continental Defendants (as agents)."); McNall v. Credit Bureau of Josephine Cnty., 689 F.Supp.2d at 1278; Cassady v. Union Adjustment Co., 2008 WL 4773976 at *6 (No vicarious liability where "plaintiff has offered no evidence upon which a reasonable trier of fact could conclude that Union exercised control over the Zee Law Group."[sic] In the instant matter, there is an absence of any evidence proffered in Plaintiff's FAC concerning any independent conduct by Palisades upon which it could be held liable. Moreover, there is an absence of any evidence under which the Houslanger Defendants and Defendant, Ronald Moses, could be held liable.

DE 67 pp. 5, 6.[1]

Palisades also inserts the following sentence at different parts of its reply. Like the control issue, the argument that Plaintiff must assert facts for Palisades' liability independent from that of Houslanger is a new argument.

> Plaintiff has presented no independent facts against Palisades to provide a basis of liability on any of the theories presented in Plaintiff's FAC.

DE 55 p. 3 ¶ 1, 7 ¶ 2, p. 11 ¶ 1.

9.   Palisades has previously threatened to seek sanctions personally against the undersigned and Shanna Tallarico, the legal services co-counsel, for pursuing this action because it argued that Plaintiff must show that Palisades controlled the actions of Houslanger. Therefore, it was surprising

---

1 Perhaps to attempt to minimize the appearance of a new argument, Palisades inserts its argument as to Palisades' control over Houslanger under the header "The Houslanger Defendants did not exert unauthorized dominion or control over plaintiff's bank account." DE 67 p. 5 ¶ 2.  Of course, the issue of whether Houslanger exercised control over Plaintiff's money is different than the argument made under the header, whether Palisades exercised control over Houslanger.

that Palisades did not move to dismiss on this ground, an omission Plaintiff pointedly noted in his

opposition:

> **B.   WHAT PALISADES DOES NOT CHALLENGE.**
>
> 5.     Palisades asserts Plaintiff's First-Amended Complaint ("FAC") "sets forth no facts upon which Houslanger can be liable and therefore Palisades must be dismissed.") DE 54 p. 17. Importantly, Palisades does not dispute that it would be liable if Houslanger were liable. Similarly, Palisades does not dispute if the Marshal exercised unauthorized dominion and control over Plaintiff's money that it and Houslanger would be liable for those actions.
>
> n. 1   As Palisades did not argue in its moving papers that it would be liable if Houslanger were liable, Plaintiff would object to Palisades raising an argument in Reply it did make in its moving papers, and would move to strike the same. In the alternative, Plaintiff would seek leave of Court to file a Sur-Reply to any new issues raised by Palisades in its Reply.

DE 63 ¶ 5, n.1.

10.    It is not the role of Plaintiff to raise and defeat an argument Palisades never made in its

moving papers.

11.    In any event, Plaintiff did indeed raise facts in its FAC establishing direct control of its debt

collection law firms Mel S. Harris and Houslanger, both generally and in specifically as to Plaintiff.

See FAC ¶ 21 – 24, 32, 35 – 37, 40, 43 and (especially) 44; See also FAC ¶ 48, 52, 55, 56, 61 – 63,

and 95.

12.    More importantly, the pertinent legal question is whether Palisades could be liable for the

debt collection violations Palisades takes as a party during litigation when Palisades is acting – as all

corporations bringing suit in NY must – through its attorneys, here former Defendant Mel S. Harris

and current Defendant Houslanger.  See N.Y. C.P.L.R 321(a).

13.    This is an issue to which Plaintiff should be entitled to address.  For example, neither of the

cases cited by Palisades are in the context of a debt buyer being liable for its actions as a party in

debt collection litigation.  Similarly, the U.S. Supreme Court recently cited, with approval, two

decisions holding the debt collector principal vicariously liable for the debt collections of its debt collector agent without any discussion of the need for control or a right to control. "Moreover, a lawyer's interest in avoiding FDCPA liability may not always be adverse to her client. Some courts have held clients vicariously liable for their lawyers' violations of the FDCPA." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1622 (2010) citing Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1516 (C.A.9 1994); and First Interstate Bank of Fort Collins, N.A. v. Soucie, 924 P.2d 1200, 1202 (Colo.App. 1996)."). See Fox, 15 F.3d at 1516 (holding that "Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") (citations and quotations in the original); First Interstate Bank, 924 P.2d at 1202 ("Thus, vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are debt collectors as defined in § 1692a(6).").

14.    Importantly, the Fox case cited with approval by the Supreme Court found the structure and history of the FDCPA formed the basis for the vicarious liability of the creditor debt collector client for the acts of its debt collector attorney.  Fox, 15 F.3d at 1516 cf. Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006) (attorney liability for acts of client requires evidence of control as "there is no legal authority for the proposition that an attorney is generally liable for the actions of his client."). See also Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1094-96 (C.D. Cal. 2006) (finding that "courts routinely hold debt collectors vicariously liable under the FDCPA for the conduct of their attorneys in collecting debts on their behalf") and cases cited therein; and Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1486 (M.D. Ala. 1987) ("To interpret [the FDCPA] otherwise would severely undermine the Act and frustrate the intent of Congress, for a debt collector would simply evade the Act by hiring an

6

attorney to do what it could not do itself . . . . [The] omissions and commissions of an attorney at law are to be regarded as acts of the client whom he represents.").

15.    To hold that a consumer must plead and prove (at any point, but especially at a motion to dismiss stage) facts demonstrating that the debt collector client exercised or had a right to exercise control over its debt collection law firm during the course of litigation would gut the application of the FDCPA protections for consumers.   It would allow debt collector creditors to shield its enormous assets[2] by using as shields solo attorneys such as Houslanger who, presumably, have far fewer assets.  Such a holding would especially gut FDCPA class actions, where statutory damages are capped to the lesser of $500,000, or up to 1 percent of the Defendants' net worth.  15 U.S.C. 1692k(a)(2)(A).

## D.    In the alternative motion to strike.

16.    In the alternative to allowing Plaintiff to file a Sur-Reply, Plaintiff requests that the Court strike the sections of Palisades' Reply that raise argument or authority that Palisades cannot be held liable for the acts of Houslanger without pleading and proving control.  This authority and argument was not raised in Palisades' moving papers and should therefore be stricken and not considered by the court.

## E.    Prayer

17.    For these reasons, Plaintiff prays the Court grant Plaintiff leave to file a Sur-Reply to the issues raised for the first time in Palisades' Reply, or, in the alternative, to strike the same.

Respectfully submitted,

---

2 According to the 2011 10-K filed with the SEC by Asta Funding (of whom Palisades is a fully owned subsidiary), Asta and Palisades have net assets of $248,051,000 in 2011 for their joint debt collection venture.

7

/s/

Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

_____


/s/

Shanna Tallarico
ATTORNEY FOR PLAINITIFF
Of Counsel to Yisroel Schulman, Esq.,
New York Legal Assistance Group
7 Hanover Square, 18th Floor
New York, NY 10004
Phone: (212) 613-5000 ext. 5155
Email: stallarico@nylag.org

## CERTIFICATE OF SERVICE

I hereby certify that I also emailed a copy of the complaint to the above parties, with copy to follow via ECF.

Defendants Palisades Collection, LLC
By and through its attorney of record
Jonathan J. Greystone, Esq.
Spector Gadon & Rosen P.C.
1635 Market St. 7th Floor
Philadelphia PA 19103
Direct Phone: (215) 241-8927
Direct Fax: (215) 531-9140
Email: jgreystone@lawsgr.com

Defendants Houslanger & Associates, PLLC, and Todd Houslanger
By and through their attorney of record

8

Jay Shapiro
White & Williams, LLP One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119-4115
Phone: 212.714.3063
Fax: 212.631.1240
Email: shapiroj@whiteandwilliams.com

Defendant Ronald Moses
By and through his attorneys of record
Stuart M. Riback
Wilk Auslander LLP
1515 Broadway
New York, New York  10036
Direct:  (212) 981-2326
Central: (212) 981-2300
Fax:     (212) 752-6380
Email:  sriback@wilkauslander.com

Shanna Tallarico
One of Plaintiff's Attorneys
Of Counsel to Yisroel Schulman, Esq.,
New York Legal Assistance Group
7 Hanover Square, 18th Floor
New York, NY 10004
Phone: (212) 613-5000 ext. 5155
Email: stallarico@nylag.org

Date:  October 9, 2012
        Brooklyn, NY
/s/
Ahmad Keshavarz
One of Plaintiff's Attorneys