IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **Johnson Poku Okyere** | § | |
|     **Plaintiff** | § | Case No.:  1:12-cv-01453-JPO-GWG |
| **v.** | § | |
| **Palisades Collection, LLC,** | § | Oral Argument Requested |
| **Houslanger & Associates, PLLC,** | § | |
| **Todd Houslanger, and** | | |
| **Ronald Moses** | | |
| | § | |
|     **Defendants** | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MEMORANDUM OF LAW AS TO APPLICATION OF 15 U.S.C. § 1696f [DE 77], AND IN OPPOSITION TO HOUSLANGER'S MOTION TO DISMISS AND PALISADES' MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**

A.    DEFENDANTS' RESPONSES IGNORE PLAINTIFF'S AUTHORITY……………1

B.    THE "BACKSTOP" FUNCTION OF 1692f STRENGTHENS THE ARGUMENT FOR ITS APPLICATION HERE………………………………………………………………1

C.    <u>OSBORN</u> ONLY COMES INTO PLAY IF THIS COURT ADOPTS <u>POLANCO</u> AS TO 1692e……………………………………………………………………………………….3

D.    IN ANY CASE, DEFENDANTS VIOLATE A SUBSECTION OF 1692f, SPECIFICALLY 1692f(6)(A)…………………………………………………………...4

E.    DEFENDANTS' ATTEMPTS TO DISTINGUISH POLANCO FALL SHORT……6

F.    PRAYER……………………………………………………………………………7

**TABLE OF AUTHORITIES**

**Cases**

Adams v. Law Offices of Stuckert & Yates, 926 F.Supp. 521 (E.D.Pa.1996)..............................................................................................2

Albritton v. Sessoms & Rogers, P.A., 2010 WL 3063639 (E.D.N.C. Aug. 3, 2010)..............................................................................................................2

Coble v. Cohen & Slamowitz, LLP, 824 F. Supp. 2d 568 (S.D.N.Y. 2011)...............................................................................................................6

Edwards v. McCormick, 136 F.Supp.2d 795 (S.D.Ohio 2001).................................................................................................................2

Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006).............................................................................................................1, 2

Gabriele v. Am. Home Mortg. Servicing, Inc., 2012 WL 5908601 (2d Cir. Nov. 27, 2012) (summary order, unpublished) ...................................................................................................................4

Hasbrouck v. Arrow Fin. Servs. LLC, 2010 WL 1257885 (N.D.N.Y. 2010).................................................................................................................6

In re Whitford's Estate, 146 Misc. 82, 84, 262 N.Y.S. 452 (Sur. 1933).................................................................................................................5

Kropelnicki v. Siegel, 290 F.3d 118 (2d Cir.2002)..........................................................................................................3, 4

Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 781-82 (E.D.N.C. 2011) reconsideration denied, 2012 WL 148688 (E.D.N.C. Jan. 18, 2012).................................................................................................................2

Osborn v. Ekpsz, LLC, 821 F. Supp. 2d 859 (S.D. Tex. 2011)........................................................................................................1, 3, 4

Polanco v. NCO Portfolio Mgmt., Inc., -- Supp.2d. --, 2013 WL 1104170 (S.D.N.Y. Mar. 18, 2013)................................................................................................ passim

Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413 (S.D.N.Y. 2010)..............................................................................................6

**Statutes**

15 U.S.C. § 1692d .......................................................................................*passim*
15 U.S.C. § 1692e .......................................................................................*passim*
15 U.S.C. § 1692f .......................................................................................*passim*
15 U.S.C. § 1692f .......................................................................................*passim*
15 U.S.C. § *1692f(6)(A)*..............................................................................*4 - 6*

N.Y. CPLR 5225(b) ............................................................................................5

**Other**
S.Rep. No. 95–382, at 4 (Aug. 2, 1977), 1977 U.S.C.C.A.N. 1695, 1698............2

Plaintiff JOHNSON OKYERE serves this Reply in Support of Plaintiff's Memorandum of Law as to the Application of 15 U.S.C. § 1692f [DE 77] to the claims in his amended complaint, and in support would show as follows.

### A.  DEFENDANTS' RESPONSES IGNORE PLAINTIFF'S AUTHORITY

Tellingly, Palisades and Houslanger do not even attempt to argue against Plaintiff's extensive authority [DE 77 pp. 3 – 6] other than Polanco[1] [Id. pp. 7 – 11] as to why their conduct violates 1692f.  Just as *nine* decisions [Id. pp. 3- 5], have held it is an "unfair and unconscionable means" for a debt collector to prevent a consumer from having access to his money by unlawfully garnishing his bank account, it is an unfair or unconscionable means for Palisades and Houslanger to prevent Mr. Okyere from having his money by refusing to comply with May 12, 211 order to return to Mr. Okyere "forth[with]" all monies "in the possession of the plaintiff [Palisades], Marshal or other agent"; and by refusing to comply with the April 25, 2011 order "staying" all collection activities. See DE 63 pp. 5-7, 14-16 (discussing how Palisades and Houslanger violated both orders).

Similarly, Palisades and Houslanger simply have no response to Plaintiff's authority and argument [DE 77 pp. 5-7] as to why their conduct violates the plain meaning of "unfair unconscionable means" under 1692f.

### B.  THE "BACKSTOP" FUNCTION OF 1692f STRENGTHENS THE ARGUMENT FOR ITS APPLICATION HERE

Palisades and Houslanger cite two cases[2] for the proposition that, if a consumer prevails on a claim under 1692d or 1692e, he cannot use the same factual bases to assert a claim under

---

1 Polanco v. NCO Portfolio Mgmt., Inc., -- Supp.2d. --, 2013 WL 1104170 (S.D.N.Y. Mar. 18, 2013).
2 Osborn v. Ekpsz, LLC, 821 F. Supp. 2d 859 (S.D. Tex. 2011); Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

1692f. Even if Defendants were correct, it does not follow that the reverse is true: where a consumer loses on claims under 1692d and 1692e, the same factual basis cannot form the basis of a claim for 1692f.  This of course is the situation here. In both decisions cited by Defendants, the consumer survived a motion to dismiss as to other provisions of the FDCPA, making the 1692f claim redundant.

Many courts view 1692f as a "catchall" or "backstop" provision to protect consumers from offensive conduct that cannot be pigeonholed into another specific FDCPA provision. Obsorn at 878 ("Section 1692f "serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e."") quoting Edwards v. McCormick, 136 F.Supp.2d 795, 806 (S.D.Ohio 2001); and Foti at 667 ("1692f 'allows the court to sanction improper conduct that the FDCPA fails to address specifically.'"), quoting Adams v. Law Offices of Stuckert & Yates, 926 F.Supp. 521, 528 (E.D.Pa.1996).  A recent decision summarized the Congressional purpose of 1692f in this way:

> Cognizant that it could not anticipate every improper practice used by debt collectors, Congress enacted section 1692f to catch conduct not otherwise covered by the FDCPA. See S.Rep. No. 95–382, at 4 (Aug. 2, 1977), 1977 U.S.C.C.A.N. 1695, 1698 ("[T]his bill prohibits in general terms any harassing, unfair, or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed."). See also Albritton v. Sessoms & Rogers, P.A., No. 5:09–CV–321–H, 2010 U.S. Dist. LEXIS 78371, at *14–15, 2010 WL 3063639, at *5 (E.D.N.C. Aug. 3, 2010) (explaining a cause of action under section 1692f "is a sort of catch-all, picking up unfair practices that manage to slip by §§ 1692d & 1692e"); Edwards v. McCormick, 136 F.Supp.2d 795, 806 (S.D.Ohio 2001) ("§ 1692f serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e").
>  Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 781-82 (E.D.N.C. 2011) reconsideration denied, 2012 WL 148688 (E.D.N.C. Jan. 18, 2012)

If 1692f is seen as a "backstop," then there is some logic to the argument that 1692f need

not apply if a consumer prevails in the protection of a different provision of the FDCPA. If another provision of the FDCPA "catches" the violation, then perhaps there no need for a "catchall" to come into play. Conversely, if, as here, the court has ruled that Mr. Okyere does not state a claim under any other provision of the FDCPA, then this strengthens Plaintiff's position that the "catchall" protections of 1692f should come into play.[3] Indeed, this was the actual holding in Osborn, a decision which Houslanger describes as "instructive" [DE 79 p. 6]. Osborn at 878 (As "1692f serves a backstop function… there is a growing consensus, at least among district courts, that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, *but which does not violate another provision of the FDCPA*.") (emphasis added) (internal quotations and citations omitted).

### C. *OSBORN* ONLY COMES INTO PLAY IF THIS COURT ADOPTS *POLANCO* AS TO 1692e

Osborn would only come into play if this court also adopted Polanco's holding that NCO's *conduct* in refusing to comply with the state court order to immediately return the consumer's money violated 1692e. Polanco was not based on NCO's *representations* to others, but rather on NCO's *conduct*. Indeed, NCO made no representations to anyone: the just refused to comply with court orders. Judge Batts noted that the FDCPA "proscribed *behaviors*," and quoted the 2nd Circuit decision Kropelnicki holding the same. Id at * 4.  "The list [of prohibitions] ... is non-exhaustive, and the FDCPA generally forbids collectors from engaging in unfair, deceptive, or harassing *behavior*." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir.2002) (emphasis added). This is consistent with the 2nd Circuit's most recent holding, albeit in an

---

3 While part of Plaintiff's argument [DE 77 pp. 2, 3] is that the Mr. Okyere should be protected by the catchall nature of 1692f, most of Plaintiff's argument is that he states a claim by the plain meaning of 1692f and the cases interpreting it.

unpublished decision, that the FDCPA applies not just to "representations" but also to "practices." in Gabriele v. Am. Home Mortg. Servicing, Inc., 2012 WL 5908601 at * 4 (2d Cir. Nov. 27, 2012) ("Our case law demonstrates that communications *and practices* that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA.") (emphasis added). Judge Batts held that NCO violated 1692f, noting the section prohibited means that were unfair and unconscionable. Polanco at * 4.

Judge Batt's finding of 1692e violation for conduct – as opposed to representations – is consistent not just with holdings of Kropelnicki and Gabriele, but also with the plain text of 1692e, as well as 1692e(10). Congress drafted most of the subsections of 1692e to prohibit representations of one sort of another.[4] However, a careful parsing of 1692e and 1692e(10) discloses that Congress explicitly inserted prohibitions not just of "representations" but also of "means." 1692e ("A debt collector may not use any false, deceptive, or misleading representation *or means* in connection with the collection of any debt."); 1692e(10) ("The use of any false representation *or deceptive means* to collect or attempt to collect any debt or to obtain information concerning a consumer.")

### D. IN ANY CASE, DEFENDANTS VIOLATE A SUBSECTION OF 1692f, SPECIFICALLY 1692f(6)(A)

The Osborn decision cited by Houslanger [DE 79, pp. 6, 7] states that the same conduct that violates a subsection of 1692f can also violate 1692d or 1692f. Osborn at 878. Here, Houslanger and Palisades violated 1692f(6)(A), which prohibits, "Taking or threatening to take

---

4 See 1692e(1)-(9),(11)-(16). "The representation or implication…" 1692e(2),(3),(4),(6),(7),(12),(13),(15); "The threat…" 1692e(5); "The false representation or implication…" 1692e(7); "Communicating or threatening to communicate…" 1692e(8); "The use or distribution of any written communication…" 1692e(9); "The failure to disclose…" 1692e(11); "The use of … any name…" 1692e(14).

any nonjudicial action to effect dispossession or disablement of property if… there is no present right to possession of the property claimed as collateral through an enforceable security interest."

Under New York state law, the term "property" encompasses money. In re Whitford's Estate, 146 Misc. 82, 84, 262 N.Y.S. 452 (Sur. 1933) ("Cash money is undoubtedly personal property."); N.Y. CPLR 5225(b) (providing for an expedited special proceeding by a judgment creditor to recover "money *or other personal property*" belonging to a judgment debtor "against a person in possession or custody of money or other personal property in which the judgment debtor has an interest" in order to satisfy a judgment) (emphasis added).

The seizing and retaining of Mr. Okyere's money is "nonjudicial" for the same reason it is "irregular, unauthorized or void." See DE 63 pp. 6 – 8.  Plaintiff will not re-hash the same arguments and incorporates those sections by reference. In brief, collection activity after the issuance of the April 25, 2011 is, by definition "nonjudicial," as it was taking place in direct contravention of the order "staying" all collection activity. Therefore, the subsequent demand for payment from the bank and the cashing of the check were all "nonjudicial." Moreover, by expressly disregarding for 6 months the May 12, 2011 order to return the money "forth[with]," Defendants' continued exercise of dominion and control over Mr. Okyere's money was "nonjudicial." It was not done pursuant to court authority; indeed, it was done in direct contravention of two court orders.

Unlike 1692e(5), the text of which prohibits only the "threat to take any action that cannot legally be taken," not a prohibition of the actual taking of the illegal act, 1692f(6)(A) prohibits *both* the threat and the act. 1692f(6)(A) (prohibiting the, "Taking or threatening to take…any nonjudicial action to effect dispossession or disablement of property if… there is no

present right to possession of the property.")

For these reasons, Palisades, through Houslanger, violated 1692f(6)(A).

### E.  **DEFENDANTS' ATTEMPTS TO DISTINGUISH POLANCO FALL SHORT**

Palisades and Houslanger struggle in vain to distinguish themselves from Polanco. Tellingly, neither takes issue with the basic holding or reasoning of the decision. "Defendant's alleged actions of fraudulently using the court's power to secure a default judgment and subsequent garnishment and then refusing to obey promptly that same Court's Orders falls within the FDCPA's broad purpose to protect consumers from such alleged abusive and unfair tactics." Polanco at * 5.

Houslanger attempts to distinguish Polanco by arguing that it was only the law firm that refused to return the money in violation of a direct court order, not the law firm that engaged in sewer service. Therefore, Houslanger concludes, there "is no basis" to support liability under 1692f. Houslanger makes no argument nor cites any authority as to why "ignoring subsequent Court Orders to return the improperly collected debt for over a ten-month period" only violates 1692f if coupled with the separate act of "falsifying an affidavit of service to obtain a default judgment." One is just as abusive in the absence of the other. Standing alone, the filing false affidavits in a collection lawsuit violates the FDCPA.[5] Therefore, standing alone, why would the

---

5 Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 424 (S.D.N.Y. 2010) ("While the filing of a debt collection action alone does not violate the FDCPA, if the complaint was supported by affidavits that contained false or deceptive representations about the status and character of the debt, then the filing of the state action could also be deemed 'unfair or unconscionable' in violation of 15 U.S.C. § 1692f."); Hasbrouck v. Arrow Fin. Servs. LLC, 2010 WL 1257885, at * 1-3 (N.D.N.Y. Mar. 26, 2010) (allegation if use of false affidavits in default judgment application state a claim for violations of 1692e and 1692f); Coble v. Cohen & Slamowitz, LLP, 824 F. Supp. 2d 568, 572 (S.D.N.Y. 2011) ("Plaintiffs plausibly allege defendants violated the FDCPA when they applied for default judgments against plaintiffs" with the use of false affidavits of service.)

It should be noted that Sykes is another example of *conduct* – the "filing of "debt collection lawsuits that had affidavits that contained false or deceptive statements – constituting a 1692f violation.

refusal to comply with an order to return money not violate the FDCPA? Indeed, in the decisions cited by Plaintiff in his moving papers [DE 77 pp. 3-5], the wrongful restraint of a consumer's bank account – standing by itself – was sufficient to state a 1692f claim. Further, the garnishment that issued from the default judgment that resulted from the sewer service would be just as much the fruit of a poisonous tree for Mr. Okyere as it was for Ms. Polanco.

Palisades attempts to distinguish <u>Polanco</u> by arguing that Palisades never took possession of the money. The question is not whether Palisades had possession of the money itself or simply had the marshal hold it in trust. The issue is whether Palisades violated the April 25, 2011 order "staying" all collection activities.[6]  The issue is whether, by waiting 6 months, Palisades complied with the May 12, 211 order to return to Mr. Okyere "forth[with]" all monies "in the possession of the plaintiff [Palisades], Marshal or other agent." The issue is whether Palisades complied with the court orders, not what benefit it received by refusing to comply with the orders. Indeed, in the decisions cited by Plaintiff in his moving papers [DE 77 pp. 3-5], the 1692f violation was the debt collector preventing the consumer from having access to his money by wrongful restraints, not whether the debt collector took possession of the money itself.

Palisades makes a series of misstatements in its Response. [DE 81, pp. 6, 7]  Palisades contends, "Plaintiff never pled any facts supporting the conclusory allegation that the law firm representing Palisades falsified an Affidavit of Service on Plaintiff in the instant case." This is untrue. The FAC states Palisades obtained a default judgment against Mr. Okyere "based on a false affidavit of service." [DE 24 p. 2 ¶ 12]. Specifically, the affidavit of service attested service

---

6 Even if Palisades did not know in the first instance that, after the issuance of the April 25, 2011 order staying collections, that the marshal then contacted the bank to obtain a check and later cashed the check, it certainly ratified the conduct by not instructing the marshal to immediately return the money.

on a person who did not exist. [Id. at fn. 2][7] Palisades states, "unlike NCO, Palisades was never found to be in violation and/or contempt [of the state court order to return the money] nor did Plaintiff ever file a Motion for Contempt…" DE 81 p. 6. Nothing in the Polanco decision even suggests that NCO was found by the state court to be "in violation and/or contempt" of the order to return money to Ms. Polanco. Nothing in the Polanco decision suggests the consumer filed a motion for contempt. Palisades is making these assertions out of whole cloth.

### F. PRAYER

For these reasons, Plaintiff prays the court deny the motion for judgment on the pleadings of Defendant Palisades and the motions to dismiss of the Houslanger Defendants.

Respectfully submitted,

/s/

Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

_____

/s/

Shanna Tallarico
ATTORNEY FOR PLAINITIFF
Of Counsel to Yisroel Schulman, Esq.,

---

[7] The First-Amended Complaint, DE 24 p. 2 ¶ 12 fn. 2 states, "The affidavit of service in the collections lawsuit falsely stated that service was effectuated on March 24, 2004 by leaving a copy of the complaint with "DORIS AKUFFO- WIFE," who also confirmed that Mr. Okyere was not in the military. Plaintiff has no wife named Doris Akuffo and has never known anyone with that name."

8

>New York Legal Assistance Group
>7 Hanover Square, 18th Floor
>New York, NY 10004
>Phone: (212) 613-5000 ext. 5155
>Email: stallarico@nylag.org

## CERTIFICATE OF SERVICE

I hereby certify that I filed the above referenced document with ECF, which will provide electronic notification to the following:

>Defendants Palisades Collection, LLC
>By and through its attorney of record
>Jonathan J. Greystone, Esq.
>Spector Gadon & Rosen P.C.
>1635 Market St. 7th Floor
>Philadelphia PA 19103
>Direct Phone: (215) 241-8927
>Direct Fax: (215) 531-9140
>Email: jgreystone@lawsgr.com

>Defendants Houslanger & Associates, PLLC, and Todd Houslanger
>By and through their attorney of record
>Jay Shapiro
>White & Williams, LLP One Penn Plaza
>250 W. 34th Street, Suite 4110
>New York, NY 10119-4115
>Phone: 212.714.3063
>Fax: 212.631.1240
>Email: shapiroj@whiteandwilliams.com

>Defendant Ronald Moses
>By and through his attorneys of record
>Stuart M. Riback
>Wilk Auslander LLP
>1515 Broadway
>New York, New York 10036
>Direct: (212) 981-2326
>Central: (212) 981-2300
>Fax: (212) 752-6380
>Email: sriback@wilkauslander.com

>Shanna Tallarico
>One of Plaintiff's Attorneys

    Of Counsel to Yisroel Schulman, Esq.,
    New York Legal Assistance Group
    7 Hanover Square, 18th Floor
    New York, NY 10004
    Phone: (212) 613-5000 ext. 5155
    Email: stallarico@nylag.org

Date:  May 24, 2013
   Brooklyn, NY

/s/
Ahmad Keshavarz
One of Plaintiff's Attorneys